**In re CHEMICAL SEPARATIONS CORPORATION, Debtor.**

**CHEMICAL SEPARATIONS CORPORATION, Plaintiff,**

v.

**The DOW CHEMICAL COMPANY, Defendant.**

**Bankruptcy No. 3–82–01569.**
**Adv. No. 3–83–0534.**

United States Bankruptcy Court, E.D. Tennessee.

Oct. 27, 1983.

See also Bkrtcy., 36 B.R. 136.

---

John A. Walker, Jr., Mary C. Walker, Knoxville, Tenn., for plaintiff.

Hodges, Doughty & Carson, Robert R. Campbell, William F. Alley, Jr., Knoxville, Tenn., for third-party defendant Foster Wheeler Corp.

Arnett, Draper & Hagood, Lewis R. Hagood, Knoxville, Tenn., for defendant Dow Chemical Co.

## ON MOTION TO STRIKE THIRD–PARTY COMPLAINT

CLIVE W. BARE, Bankruptcy Judge.

The allowance of a third-party complaint, pursuant to Bankruptcy Rule 7014, against the majority shareholder of the debtor by the recipient of allegedly preferential transfers, 11 U.S.C.A. § 547 (1979), is at issue.

### I

Chemical Separations Corporation (Chem Seps) filed its chapter 11 bankruptcy petition on October 15, 1982. As a debtor in possession Chem Seps filed a complaint on June 2, 1983, against The Dow Chemical Company (Dow), alleging all the elements necessary to establish four preferential transfers, 11 U.S.C.A. § 547(b) (1979). Chem Seps alleges that it made four payments totaling $86,235.80 to Dow between August 2 and September 14, 1982.

In its answer of August 15, 1983, Dow denies both the alleged insolvency of Chem Seps at the time of the transfers and that the transfers enabled it to receive more than it would have received if: (1) the case was a case under chapter 7; (2) the transfers had not been made; and (3) defendant received payment to the extent allowable under the provisions of the Bankruptcy Code. Dow also denies both that the payments were made on account of antecedent debts and that payments were made on the dates alleged. Further, Dow contends that the transfers are unavoidable because: (1) the transfers were intended to be, and were in fact, contemporaneous exchanges for new value given to Chem Seps, 11 U.S.C.A. § 547(c)(1) (1979); (2) the transfers did not diminish or deplete assets of the estate; and (3) some of the payments were made not later than 45 days after incurrence for debts arising in the ordinary course of business of the parties, 11 U.S.C.A. § 547(c)(2) (1979).

On August 25, 1983, Dow filed a third-party complaint against the Foster Wheeler Corporation, which owns approximately 88% of the outstanding shares of common stock in the debtor. According to Dow, Foster Wheeler has disregarded the corporate-form and separateness of Chem Seps. Alleging that Chem Seps is merely the alter ego of Foster Wheeler, Dow asks the court

to combine the assets of the two corporations for the purpose of determining whether Chem Seps was insolvent on the dates of the allegedly preferential transfers. Dow also avers that promises and representations assuring payment to some or all of the Chem Seps creditors have been made by Foster Wheeler and that creditors have relied upon those promises and representations in continuing to extend credit to Chem Seps.

On October 6, 1983, Chem Seps filed a motion to strike the third-party complaint of Dow. A similar motion was filed on October 11, 1983, by Foster Wheeler.

## II

■ Bankruptcy Rule 7014 provides for the application in adversary proceedings of Fed.R.Civ.P. 14, which provides in part:

(a) *When Defendant May Bring in Third Party.* At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than 10 days after he serves his original answer .... The person served with the summons and third-party complaint ... [is] called the third-party defendant .... The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses ... and his counterclaims and cross-claims

.... Any party may move to strike the third-party claim ....

Generally, the purpose of this rule is to eliminate duplicative suits by disposing of multiple claims arising from a single, or closely related, set of facts. *See Dery v. Wyer,* 265 F.2d 804 (2d Cir.1959). Granting permission to prosecute a third-party action is, however, a matter committed to the discretion of the trial court. *Farmers and Merchants Mut. Fire Ins. Co. v. Pulliam,* 481 F.2d 670 (10th Cir.1973); *General Elec. Co. v. Irvin,* 274 F.2d 175 (6th Cir.1960). The discretionary power of the court is not circumvented in cases wherein the third-party complaint may be served without leave of the court, pursuant to the provisions of Fed.R.Civ.P. 14(a). C. Wright & A. Miller, *Federal Practice and Procedure* § 1460 (1971).

Dow asserts that it is entitled to relief from Foster Wheeler because: (1) the corporate integrity of Chem Seps has been disregarded and the value of the assets of Foster Wheeler should be added to those of the debtor to determine whether Chem Seps was insolvent at the time of the transfer; and (2) Foster Wheeler made representations assuring payment of the debts of Chem Seps to some creditors who detrimentally relied upon such representations.

■ These assertions interject issues wholly unrelated to the Chem Seps complaint to recover allegedly preferential transfers. Assuming arguendo that Chem Seps is the alter ego of Foster Wheeler, only the assets of the debtor, Chem Seps, are considered in determining whether it was insolvent when the transfer was made. 11 U.S.C.A. § 547(b)(3) (1979). Foster Wheeler has not filed a petition in bankruptcy and the value of its assets is not a factor with respect to the solvency or insolvency of Chem Seps.

■ Dow's claim against Foster Wheeler is essentially reduced to an action to recover on the basis of detrimental reliance or misrepresentation. It is not appropriate to adjudicate those questions in the instant preference action; such questions are immateri-

al with respect to the claim asserted by Chem Seps. Additionally, permitting the third-party complaint to proceed to judgment would further delay trial of the claim of Chem Seps.[1]

The motions of Chem Seps and Foster Wheeler to strike Dow's third-party complaint against Foster Wheeler are GRANTED.

IT IS SO ORDERED.

---

1. Trial was originally scheduled for August 8, 1983, but was postponed at Dow's request. November 1, 1983, is the rescheduled date for trial.