**TCI CABLEVISION, INC., Plaintiff,**

v.

**CITY OF JEFFERSON, MISSOURI, Defendant.**

No. 84–4312–CV–C–5.

United States District Court, W.D. Missouri, C.D.

Dec. 17, 1984.

Harold R. Farrow, Richard D. Harmon, Oakland, Cal., Duane E. Schreimann, Jefferson City, Mo., for plaintiff.

Lyndel H. Porterfield, City Counselor, Jefferson City, Mo., Robert S. Allen, Thomas M. Newmark, St. Louis, Mo., for defendant.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

Presently pending before the Court is defendant's motion to dismiss plaintiff's complaint. Count I of the complaint alleges various violations of the anti-trust laws by defendant. Count II seeks contribution or indemnity from defendant in the event that plaintiff is adjudged liable in a pending lawsuit, *Central Telecommunications, Inc. v. TCI Cablevision, Inc.,* No. 83-4068-CV-C-5 (W.D.Mo.1983). See 589 F.Supp. 85. For the reasons set forth below, defendant's motion will be sustained and plaintiff's complaint will be dismissed in its entirety.

### Count I

Count I contains two related claims. First, plaintiff claims that it has been injured by defendant's use of "its monopoly power and control over certain essential facilities to attempt to unreasonably restrain trade among horizontal competition in the cable television market in the City of Jefferson." Second, plaintiff alleges that defendant and one of the plaintiff's rivals for the Jefferson City cable television market conspired to harrass and damage plaintiff. These claims must be dismissed for two independent reasons.

First, Congress recently enacted the Local Government Antitrust Act of 1984, which expressly bars private damages actions against cities under the antitrust laws. This Act took effect on September 24, 1984. Although the complaint herein was filed seventeen days earlier, on September 7, 1984, the Act allows a district court to dismiss a pending case where it would be inequitable not to do so. The Court finds that the instant case easily meets this standard. On its conspiracy claim, plaintiff has alternative relief available against the alleged co-conspirator; indeed, plaintiff has been prosecuting such a claim against the alleged co-conspirator in this very Court. Moreover, there was absolutely *no* substantive development of this case on the effective date of the Act. Consequently, the Court finds that it clearly would be inequitable to allow this case to proceed merely because the complaint was by happenstance filed a few days before it would have been irreversibly barred by this recent federal legislation.

Moreover, the Court finds the claims raised in Count I to be defective in that they do not include the essential element of "antitrust injury." In *Associated General Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983), the Supreme Court stated that the existence of an actionable "antitrust injury" turns on the relationship between the plaintiff's alleged damages and the alleged wrongdoing by the defendant. *Id.* 103 S.Ct. at 907. The Court noted that the plaintiff in *Associated General Contractors* was "neither a consumer nor a competitor in the market in which trade was restrained." *Id.* at 909. Accordingly, the Court ruled that the plaintiff lacked standing to bring an antitrust action, notwithstanding an allegation that the defendants had violated the antitrust laws with the specific intent to injure the plaintiff. *Id.* at 912-13. Here, plaintiff claims that defend-

ant attempted to exclude it from the cable television market in Jefferson City by adopting a bidding process to determine the next recipient of a cable television franchise. There is no allegation that this attempt came within dangerous proximity to success; in fact, plaintiff retained its position as the sole cable television operator in Jefferson City. Moreover, it bears emphasis that TCI is neither a competitor of Jefferson City, nor a consumer in any alleged relevant market served by Jefferson City. Nevertheless, plaintiff claims that it was injured by defendant's "anticompetitive scheme" because it incurred "enormous costs" and other detrimental side-effects as it sought to challenge the bidding process initiated by the City. The Court finds that the harm claimed by plaintiff is too attenuated from the allegedly illegal activity undertaken by defendant to qualify as an actionable "antitrust injury." *See Gianna Enterprises v. Miss World (Jersey), Ltd.*, 551 F.Supp. 1348, 1355 (S.D.N.Y. 1982).

### *Count II*

Count II, which seeks contribution or indemnity from defendant in the event that plaintiff is adjudged liable in *Central Telecommunications, Inc. v. TCI Cablevision, Inc.*, clearly fails to state a claim upon which relief can be granted. The claims asserted by Central Telecommunications against TCI Cablevision are: (1) antitrust conspiracy; (2) § 1983 violation; and (3) tortious interference with business expectations. There is no right of contribution under the antitrust laws. *Texas Industries v. Radcliff Materials, Inc.*, 451 U.S. 630, 101 S.Ct. 2061, 2070, 68 L.Ed.2d 500 (1981). Nor is there a right of contribution under 42 U.S.C. § 1983. *See Northwest Airlines v. Transport Workers Union*, 451 U.S. 77, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981); *Anderson v. Local Union No. 3*, 582 F.Supp. 627 (S.D.N.Y.1984); *Pennsylvania v. Local Union 542*, 507 F.Supp. 1146 (E.D.Pa.1980). Nor does Missouri law allow a party who was adjudged liable under an intentional tort theory to bring a separate action for contribution. *Porter v.*

*Crawford & Co.*, 611 S.W.2d 265, 273 (Mo. App.1980). In addition, the Court notes that Jefferson City, which was a named defendant in Central's lawsuit against TCI, has settled with Central; thus, plaintiff's claim for contribution herein also is barred by Mo.Rev.Stat. § 537.060, which provides that a settlement immunizes the settling defendant "from all liability for contribution or non-contractual indemnity to any other tort-feasor."

In its response to defendant's motion to dismiss, plaintiff purports to distinguish the authorities cited above by arguing that it is seeking indemnity, not contribution. However, the authority upon which plaintiff relies in constructing this argument undermines its position. As plaintiff points out, it is well-established that

> "a right of indemnity exists whenever one party is exposed to liability by the action of another who, in law or in equity, should make good the loss of the other ... [I]n the area of noncontractual indemnity the right rests upon the fault of another which has been *imputed to or constructively fastened* upon him who seeks indemnity."

41 Am.Jur.2d, *Indemnity* § 19, at 705 (1968) (emphasis added). In view of this definition, it is apparent that plaintiff's claim herein does *not* arise out of a right of indemnity. Central's claims against TCI are based on a conspiracy between TCI and Jefferson City. If TCI is adjudged liable to Central, it will be on the basis of TCI's own wrongdoing. There is no claim in Central's lawsuit which is predicated on the imputation of Jefferson City's wrongdoing to TCI. Thus, TCI's characterization of Count II as a claim for indemnity is wholly fallacious; it is clearly a claim for contribution, a claim which it has no right to bring.

In accordance with the foregoing, it is hereby

ORDERED that defendant's motion to dismiss plaintiff's complaint in its entirety and with prejudice is sustained. Plaintiff shall bear costs.