S. KANE & SON, INC.

v.

W.R. GRACE & CO.; David Nicholson; James Shay; James McKay; Joseph Gracie and City of Philadelphia.

GRAVELY ROOFING CO.

v.

W.R. GRACE & CO., David Nicholson, James Shay, James McKay and Joseph Gracie.

Nos. Civ. A. 84–4266, Civ. A. 84–4575.

United States District Court, E.D. Pennsylvania.

July 16, 1985.

Michael R. Needle, Philadelphia, Pa., for Kane.

Susanna E. Lachs, Philadelphia, Pa., for Grace.

Carl Oxholm, III, Linda Berman, Philadelphia, Pa., for City.

## MEMORANDUM

O'NEILL, District Judge.

In the first of these cases, plaintiff S. Kane & Son, Inc. filed an eight-count complaint against W.R. Grace & Son, Inc., a manufacturer and distributor of a synthetic membrane roofing material, David Nicholson, a salesman formerly employed by Grace, James Shay, a former employee of Kulzer Roofing Company, James McKay, a former employee of the City of Philadelphia's Department of Public Property, Joseph Gracie, a current City employee, and the City of Philadelphia, alleging that all defendants combined and conspired "to restrain trade in and/or monopolize the provision of commercial roofing services to the City of Philadelphia" (Complaint, ¶ 1). In the second case, plaintiff Gravely Roofing Co. filed a complaint which is identical except that it does not name the City of Philadelphia as a defendant. Defendants City of Philadelphia and Gracie move to dismiss in *Kane* and Gracie moves to dismiss in *Gravely*.

*Kane* was filed on September 6, 1984, and *Gravely* was filed on September 24, 1984, the same date the Local Government Antitrust Act of 1984 became effective. Section 3(a) of the Act provides:

"No damages, interest on damages, costs or attorney's fees may be recoverable under Section 4, 4A or 4C of the Clayton Act ... from any local government or employee thereof acting in an official capacity."

Section 3(b) of the Act contains a retroactivity clause stating:

"Subsection (a) shall not apply to cases commenced before the effective date of this act unless the defendant establishes and the court determines, in light of all the circumstances, including the stage of litigation and the availability of alternative relief under the Clayton Act, that it

would be inequitable not to apply this subsection to a pending case. In consideration of this section, existence of a jury verdict, district court judgment, or any stage of litigation subsequent thereto, shall be deemed to be prima facie evidence that subsection (a) shall not apply."

■ As *Kane* was filed before the effective date of the Act, the City of Philadelphia and Gracie argue that § 3(a) should be retroactively applied to them pursuant to § 3(b). The Court concludes that, in light of all the circumstances, it would be inequitable not to apply § 3(a) to the City in *Kane*: (1) plaintiff may obtain relief from defendants other than the City and Gracie; and (2) little, if any, discovery has taken place. *See TCI Cable Television, Inc. v. City of Jefferson*, 604 F.Supp. 845 (C.D.Mo. 1984); *Jefferson Disposal Co. v. Parish of Jefferson, L.A.*, 603 F.Supp. 1125 (E.D.La. 1985). Therefore, the Court will grant the City's motion to dismiss the *Kane* complaint insofar as it states claims for damages, costs or attorney's fees. The claim for injunctive relief will not be dismissed.

Gracie, defendant in both *Kane* and *Gravely*, argues that he is immunized from damage liability pursuant to § 3(a) because he was a local government employee "acting in an official capacity" as a City engineer. Plaintiffs respond that Gracie could not have been acting in his official capacity because he had no authority to engage in the alleged bid rigging conspiracy and his conduct, if proven, would violate the City Home Rule Charter and Pennsylvania state law. At this stage of the litigation, the Court will deny Gracie's motions to dismiss, without prejudice to their renewal at the close of the discovery pertaining to his involvement in the alleged conspiracy.

■ Finally, given the difference between the legal and factual issues in these actions and those in the prior state court proceedings, the doctrines of collateral estoppel and *res judicata* do not justify dismissal.