In re CAMPBELL SIXTY–SIX EXPRESS, INC., Debtor.

CAMPBELL SIXTY–SIX EXPRESS, INC. Plaintiff,

v.

EMPIRE BANK, Defendant and Third–Party Plaintiff,

v.

Randall WALKER, et al., Third–Party Defendants.

Bankruptcy No. 86–01697–S–1–11. Adv. No. 87–0571–S–1–11.

United States Bankruptcy Court, W.D. Missouri.

Nov. 18, 1988.

Kerry L. Myers, and June Clark, Springfield, Mo., for debtor and plaintiff.

William A.R. Dalton, Springfield, Mo., and James L. Bowles, Ozark, Mo., for Empire Bank, defendant and third-party plaintiff.

Kerry L. Montgomery, Springfield, Mo., for defendants, Pitt, Berberich & Jordan.

Thomas M. Bradshaw, Kansas City, Mo., for defendant, Randall Walker.

James L. Eisenbrandt, Overland Park, Kan., for defendant, Trula Walker.

## MEMORANDUM OPINION AND ORDER DISMISSING THIRD–PARTY COMPLAINT

KAREN M. SEE, Bankruptcy Judge.

Pending are two motions to dismiss the third-party complaint filed by defendant and third-party plaintiff Empire Bank ("Empire"). The motions were filed by Randall and Trula Walker ("Walkers") and by William A. Pitt, William J. Berberich, and Paul E. Jordan ("Officers"). Debtor filed a Chapter 11 case on April 14, 1986, which was necessitated primarily by the Walkers' alleged "looting" of the debtor. Prior to this proceeding, a number of adversary proceedings were filed asserting some of the estate's claims against the Walkers. Debtor settled its claims against the Walkers in a Settlement Agreement dated May 24, 1987 and approved by Order of this court dated October 8, 1987 in Case No. 86–01697–11.

In this adversary case debtor alleges and Empire admits that third-party defendants, the Walkers, engaged in a scheme to defraud the debtor by cashing checks made to the debtor and converting the funds to the Walker's possession. Debtor seeks com-

pensation from Empire, which debtor alleges contributed to its injuries by, among other actions, aiding and abetting the third-party defendants in their scheme to defraud debtor. The court concludes that both motions should be granted because, first, the third-party complaint fails to state any claim derivative of the claims in the original complaint; second, Empire has failed to properly plead its claims and even if it did so its claims would be barred by Missouri substantive law; and third, it is within the discretion of this court to maintain or dismiss third-party actions and the court finds cause to exercise its discretion to dismiss the complaint.

### FACTS

Debtor's original complaint, filed December 17, 1987, sought relief against Empire on the following theories: for participating in the conversion of debtor's instruments pursuant to § 400.3–419, R.S.Mo.; for negligence in failing to determine whether such conversion of instruments was authorized by debtor; for breach of duties as debtor's agent; for aiding and abetting Randall Walker in the misappropriation of debtor's funds; and for equitable subordination of Empire's claim to the claims of other creditors. A sixth count objected to Empire's proof of claim. Empire eventually answered the complaint but did not file a third-party complaint against Randall Walker or any other persons currently joined as third-party defendants at the time of or within ten days of its original answer.

With leave of court, debtor filed an amended complaint on August 30, 1988. The amended complaint also added Trula Walker's name to that of Randall Walker as persons aided and abetted by Empire. The amended complaint added the following counts: for punitive damages; for breach of duty to report transactions pursuant to 31 U.S.C. §§ 5313, 5314, and 5315; for negligence in paying improperly endorsed instruments; for aiding and abetting former officers, directors, and employees of debtor in a conspiracy to defraud plaintiff pursuant to 11 U.S.C. § 548 and § 428.020 R.S.Mo.; for breach of its duty of good faith owed to debtor; and for acting in bad faith by aiding and abetting former officers, directors, and employees of debtor in a conspiracy to defraud plaintiff. In addition to its answer to the amended complaint, Empire filed the third-party complaint that is the focus of the present motions to dismiss.

The third-party complaint seeks recovery from the third-party defendants to the extent, if any, that debtor obtains recovery against Empire. Additionally, it seeks punitive damages against all third-party defendants.

### DISCUSSION

All parties assert a number of theories in support of their respective positions. Only those theories dispositive of the motions will be discussed in this opinion. The Walkers assert the third-party complaint should be dismissed either because it states no derivative claim and therefore is an improperly filed third-party complaint or because Empire's recovery against them is barred by § 537.060 R.S.Mo. The Officers assert the third-party claims have been improperly pleaded under Missouri law. Empire disputes these assertions and argues that if the court looks to the settlement agreement this matter can only be decided on summary judgment. Empire also asserts § 537.060 R.S.Mo. violates its constitutional right to due process.

Bankruptcy Rule 7014 makes applicable Fed.R.Civ.P. 14(a), which provides for service of a third-party complaint by a defendant on one who "is or may be liable to [defendant] for all or part of the plaintiff's claim against [defendant]." Rule 14 has been interpreted to require the third-party liability to be dependent on or derivative of defendant's liability on the claims originally filed by plaintiff. *United States v. Photographic Specialties v. Wooddell*, p. 2, Case No. 85–0249–CV–W–6 (W.D.Mo. 1/7/87) (unpublished). Such derivative liability is generally present in claims for indemnity, subrogation, contribution, and express or implied warranty. 6 Wright & Miller *Federal Practice and Procedure*, § 1446 at p. 249–250 (1971). Additionally, third-party

practice in federal court is appropriate only when

> a right to relief exists under the applicable substantive law. If, for example, the governing law does not recognize a right to contribution or indemnity, impleader for these purposes cannot be allowed. And even when there is a substantive right that creates secondary liability in favor of a third-party plaintiff, it must be remembered that the court may exercise its discretion to dismiss a third-party complaint.

*Id.* at p. 249–251. Thus, even if a claim appears to be a proper derivative claim under federal law, state law may bar its assertion in federal court.

■ Initially, the court must determine whether a claim is derivative of the defendant's alleged liability in the original complaint. The fact that a third-party complaint states a claim that the litigant may have a right to assert somewhere does not automatically render the claim derivative and, therefore, proper for third-party purposes. *See e.g. United States v. Photographic Specialties v. Wooddell,* at p. 2, Case No. 85–0249–CV–W–6, (W.D.Mo. 3/9/87).

Each and every count of debtor's first amended complaint alleges wrongdoing by Empire. Therefore, the *only* way Empire could be found liable under the complaint is if Empire, itself, were found to have engaged in negligent or other wrongful conduct. A proper third-party complaint under these circumstances would involve a claim for contribution between joint tortfeasors. However, Empire argues that it seeks indemnity from the third-party defendants because it did not act wrongly. Therefore, Empire asserts that any liability it has to debtor results from imputing the third-party defendants' wrongdoing to Empire, an "innocent bystander." Given that Empire can only be found liable under the complaint due to its own wrongdoing, a third-party claim for indemnity is not deriv-

ative of any of plaintiff's claims in this action. Accordingly, based on a review of the pleadings, for procedural reasons under federal law and Rule 14(a) Fed.R.Civ.P., alone, the entire third-party complaint should be dismissed.

■ There are additional procedural difficulties, however, involving Missouri substantive law governing joint tort-feasors, that preclude Empire from raising its third-party claims in this court. First, as the Officers have pointed out, under Missouri law "the right to non-contractual indemnity presupposes actionable negligence of both parties toward a third party." *Missouri Pacific Railroad Company v. Whitehead & Kales Company,* 566 S.W.2d 466, 468 (Mo. banc 1978).[1] Therefore, even if Empire seeks 100 per cent contribution from the third-party defendants, it cannot do so without alleging its own liability to debtor. *Mid–Continent News Co., Inc. v. Ford Motor Co.,* 671 S.W.2d 796, 800[2] (Mo.App. 1984). Again, the court need look no further than the pleadings to determine that, under Missouri law, Empire has failed to state a claim for contribution or non-contractual indemnity. Accordingly, for this reason the entire third-party complaint should be dismissed.

■ Second, as to the Walkers, although Empire repeatedly argues it is suing for indemnity based on fraudulent acts of the third-party defendants, under Missouri law it is actually seeking non-contractual indemnity as defined in § 537.060 R.S.Mo. That statute, however, bars Empire from recovering against the Walkers under the terms of the Settlement Agreement entered into between debtor and the Walkers. The decision in *TCI Cablevision, Inc. v. City of Jefferson, Mo.,* 604 F.Supp. 845 (W.D.Mo.1984) is directly on point. In that case, TCI argued that its claims against the City were based on indemnity, not contribution, and therefore were not barred by § 537.060 R.S.Mo. The court found that the claims set forth in the original com-

---

**1.** Empire argues that it is not seeking non-contractual indemnity within the meaning of § 537.060 R.S.Mo. because it has not been negligent. However, the only derivative claim it could bring would necessarily be grounded on Empire's negligence in combination with the actions of the third-party defendants. However, for the reasons set forth in this discussion, even if the third-party complaint were construed in such a manner, it would fail to state a claim under Missouri law.

plaint were based on conspiracy between TCI and the City, therefore

> If TCI is adjudged liable to Central, it will be on the basis of TCI's own wrongdoing. There is no claim in Central's lawsuit which is predicated on the imputation of [the City's] wrongdoing to TCI. Thus, TCI's characterization of Count II as a claim for indemnity is wholly fallacious; it is clearly a claim for contribution, a claim which it has no right to bring.

Here, as there, debtor's claims in counts I, II, IV, V, VI, and VII either specifically allege or imply Empire's actual knowledge of the Walkers' and the Officers' wrongdoing and action coordinated with that of the Walkers and Officers. Empire argues, as did TCI, that it seeks indemnity from the third-party defendants because it did not act wrongly. However this court finds, as did the court in *TCI*, that because the debtor's complaint is based on the joint action of Empire, the Walkers and others, Empire's claims must necessarily be for contribution. As such, they are barred by the Settlement Agreement and § 537.060 R.S. Mo., which provides:

> When an agreement by release, covenant not to sue or not to enforce a judgment is given in good faith to one of two or more persons liable in tort for the same injury or wrongful death, such agreement shall not discharge any of the other tort-feasors for the damage unless the terms of the agreement so provide; however such agreement *shall reduce the claim* by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater. *The agreement shall discharge the tort-feasor to whom it is given from all liability for contribution or noncontractual indemnity to any other tort-feasor.* The term "noncontractual indemnity" as used in this section refers to indemnity between joint tort-feasors culpably negligent, having no legal relationship to each other and does not include indemnity which comes about by reason of contract, or by reason of vicarious liability.

As the court previously found, the only derivative claim Empire could bring in this proceeding is one for contribution or non-contractual indemnity. Even if Empire's complaint was generously construed to have properly pleaded such a claim, the clear language of the statute bars Empire's recovery against the Walkers. Instead, the statute provides that the claim is reduced by the amount of the settlement agreement. Furthermore, although Empire argues that § 537.060 R.S.Mo. violates certain of its federal and state constitutional rights of due process and access to the courts, Empire has affirmatively defended against the amended complaint by asserting that "pursuant to Section 537.060 V.A. M.S., any judgment against Defendant must be reduced by the amounts paid by others." Answer, ¶ 28, filed September 6, 1988. This clearly raises the issue of the amount of the claim's reduction pursuant to § 537.060. Empire will have ample opportunity to be heard on this issue and the court finds no violation of Empire's constitutional rights. Furthermore, Empire's affirmative assertion of the statute in its defense constitutes a waiver of any constitutional objections Empire might have had.

■ Finally, again with respect to all third-party defendants, it is well-established that maintenance of a third-party action is addressed to the sound discretion of the court. *Agrashell, Inc. v. Hammons Prods. Co.*, 352 F.2d 443, 448[8] (8th Cir. 1965); *Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777[12] (9th Cir.1986); *In re John Peterson Motors, Inc.*, 56 B.R. 588, (Bankr.D.Minn. 1986); 6 Wright & Miller *Federal Practice and Procedure*, § 1443 at p. 207–208 (1971). This is true even in the situation where the third-party complaint may be served without leave of the court. *In re Chemical Separations Corp.*, 36 B.R. 138, 140[3] (Bankr.E.D.Tenn.1983). Thus, even though Empire did not seek this court's permission to file its third-party complaint as required by Rule 14(a), and defendants have chosen to respond to the complaint, the complaint was not filed within 10 days of the original answer and this court's discretion controls maintenance of the third-party action.

An application for impleader under Rule 14 need not be granted if the third-party action will delay or disadvantage the exist-

ing action, the third-party claims lack merit, or the claim is outside the proper scope of impleader. Here, the court determined that the third-party claims are outside the scope of Rule 14(a) and that they lack merit under Missouri law. The court further notes that this proceeding has been on file for nearly one year, trial has already been delayed once by the filing of the third-party complaint immediately before trial, and if the complaint is allowed, these proceedings will be further delayed by additional discovery requests by the third-party defendants. Moreover, as to the bulk of the third-party complaint, the court finds no reason why it could not have been filed within ten days of the original answer. For all these reasons, the court finds and concludes that the third-party complaint should be dismissed.

Accordingly, it is hereby

ORDERED that the Motion of Third–Party Defendants Randall and Trula Ann Walker to Dismiss Third–Party Complaint and the Motion of Third–Party Defendants William A. Pitt, William J. Berberich and Paul E. Jordan to Dismiss Empire Bank's Third–Party Complaint are granted and the third-party complaint is dismissed.