**Robert J. HOFFMAN**

v.

**CITY OF WILLIMANTIC, et al.**

**No. Civ. B–82–391 (PCD).**

United States District Court,
D. Connecticut.

March 8, 1988.

---

Emanuel Margolis, Stephen A. Finn, Wofsey, Rosen, Kweskin & Kuriansky, Stamford, Conn., for plaintiff.

James E. Kernan, Keefe & Kernan, Waterbury, Conn., for City of Willimantic & Estate of Hussey.

## RULING ON PENDING MOTIONS

DORSEY, District Judge.

This ruling addresses the following pending motions: (1) Plaintiff's Motion to Compel Answers to Outstanding Discovery; (2) Motion to Compel filed by defendants City of Willimantic and Daniel P. Lamont; and (3) Motion Re Plaintiff's Objections to Discovery filed by defendants City of Willimantic and Daniel P. Lamont.

*Discussion*

In deciding these motions, it is helpful to remember the posture of this case as to these parties.

[P]laintiff has alleged and supported by affidavit that his name and reputation have been adversely affected and his job prospects diminished. He continues to deny the substance of the charges made against him and claims that he has been stigmatized as a result of his termination. "Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him," *Wisconsin v. Constantineau,* 400 U.S. 433, 437 [91 S.Ct. 507, 510, 27 L.Ed.2d 515] (1971), and, specifically, where "the State, in declining to re-employ [a worker] impose[s] on him a stigma or other disability that foreclose[s] his freedom to take advantage of other employment opportunities," *Board of Regents v. Roth,* 408 U.S. 564, 573 [92 S.Ct. 2701, 2707, 33 L.Ed.2d 548] (1971), then the fourteenth amendment due process clause requires "notice and an opportunity to be heard," *Constantineau,* 400 U.S. at 437 [91 S.Ct. at 510], wherein the employee has "an opportunity to refute the charge" and "to clear his name." *Roth,* 408 U.S. at 573 n. 12 [92 S.Ct. at 2707 n. 12]. In light of plaintiff's denial that he committed any sexual impropriety, his case comes within the rule of *Codd v. Vegler,* 429 U.S. 624, 627 [97 S.Ct. 882, 883–84, 51 L.Ed.2d 92] (1977) (per curiam), that "there must be some factual dispute between an employer and a discharged employee which has some significant bearing on the employee's reputation."

The "liberty" which the fourteenth amendment protects is "broad indeed." *Roth,* 408 U.S. at 572 [92 S.Ct. at 2707]. It embraces not only the right to be free of bodily intrusions or restraint, but the right "to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience and generally to enjoy those privileges long recognized at

common law as essential to the orderly pursuit of happiness by free men." *Meyer v. Nebraska,* 262 U.S. 390, 399 [43 S.Ct. 625, 626, 67 L.Ed. 1042] (1923). Inasmuch as discharged employees of the state have a liberty interest which is compromised when they are *terminated under circumstances which affect their standing in the community and their future job prospects,* plaintiff is entitled, even at this late date, to a hearing for the sole purpose of presenting his version of the facts and clearing his name and reputation.

*Hoffman v. McNamara,* 630 F.Supp. 1257, 1260–61 (D.Conn.1986) (emphasis added).

Thus, it was found that there was no question but that plaintiff was deprived of his right to a hearing. Furthermore, as a result of that denial, *rather than as a result of the action taken against him—* i.e., the fact of and basis for his termination—he is entitled to damages. His right to damages exists because his right to a hearing was initially deprived and later delayed. He is not entitled to deprivation because of the alleged deprivation of a property interest.[1]

### (1) *Plaintiff's Motion to Compel*

This motion covers plaintiff's (1) interrogatories addressed to defendant city dated September 16, 1987; (2) request for production addressed to defendant city dated September 16, 1987; (3) second set of interrogatories and request for production addressed to defendant City dated September 21, 1987; and (4) interrogatories and request for production addressed to defendant Lamont, as Executor of the Estate of John P. Hussey, dated September 21, 1987.

The first two discovery requests posed interrogatories concerning production of information relating to the compensation package provided to Willimantic police officers from 1980 through the present (i.e., number of overtime hours worked; description and statement of value of pension, health, disability and life insurance plans; copies of collective bargaining agreements; and copies of all other benefits available to Willimantic police officers during that period). The second set of interrogatories and requests for production sought information concerning whether the city had insurance coverage to satisfy part or all of any monetary judgment or attorney fees that might be awarded and whether it was "indemnifying Lamont." Similar information was requested from Lamont. In each instance, defendants' objection was the same:

> This interrogatory [/request] seeks information that is irrelevant in that the court has ruled as to these defendants ... as there is no property interest, plaintiff would not be able to seek reinstatement or compensation for his job loss; onerous and burdensome.

In support of their objection to plaintiff's discovery requests, defendants argue that plaintiff is not entitled to damages because he cannot show that he suffered damages as a result of defendants' failure to provide him with procedural due process. Defendants claim that (1) plaintiff never asked for a hearing until he contacted his lawyer; (2) defendants never *published* any stigmatizing information regarding the accusations made against plaintiff; (3) the facts surrounding his resignation were not sufficiently *stigmatizing*; (4) defendants' conduct does not justify damages as it does not rise to the level that "shocks the conscience" of the court; and (5) plaintiff cannot show that he would not have been terminated even had he been given a hearing.

■■■ Defendants may be liable for damages sustained by plaintiff during the period he was denied a hearing at which to present his version of the facts. It may not refuse to address discovery. The Supreme Court has noted that, where the state has acted in such a manner as to foreclose to plaintiff future employment opportunities, he would have had a right to damages. *Roth,* 408 U.S. at 573, 92 S.Ct.

---

**1.** At the adjudication of this case, plaintiff was found to have been denied a hearing as required in relation to his liberty interest. The municipal defendants have now afforded plaintiff a hearing. Thus, what was earlier a denial of his due process right in relation to a liberty interest is now a delay of such process.

at 2707. "For '[t]o be deprived not only of present government employment but of future opportunity for it certainly is no small injury....'" *Id.* at 575, 92 S.Ct. at 2708, quoting *Joint Anti–Fascist Refugee Committee v. McGrath,* 341 U.S. 123, 185, 71 S.Ct. 624, 655, 95 L.Ed. 817 (1951) (Jackson, J., concurring). If plaintiff is able to show that defendants' failure to provide him with a timely hearing to contest the accusations made against him resulted in actual damages, he would be entitled to recover damages compensating him for that injury. *Hogue v. Clinton,* 791 F.2d 1318, 1323 (8th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 648, 93 L.Ed.2d 704 (1986) (actual damages will be awarded only if plaintiff can prove actual injury); *Perry v. FBI,* 781 F.2d 1294, 1302 (7th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 67, 93 L.Ed.2d 25 (1986) (showing of actual interference with job opportunities would justify damage award); *Endicott v. Huddleston,* 644 F.2d 1208, 1216–17 (7th Cir.1980) (plaintiff entitled to recover loss, including attorney fees, between first inadequate hearing and second hearing which was found to be proper).

Defendants' cavalier comment that plaintiff suffered no damages and that he will not be able to show that there was a need to clear his good name are not well taken. Plaintiff resigned under the cloud of an accusation that he was dismissed from the Municipal Police Training Academy allegedly for engaging in sexual intercourse with Officer Carla Diaz and that he lied about such conduct to his superiors—accusations which defendants have since indicated were without merit and which have subsequently been expunged from his record. These accusations suggest dishonesty and immorality and are the type of stigmatizing remarks the fourteenth amendment requires that he be given an opportunity to refute. *Constantineau,* 400 U.S. at 437, 91 S.Ct. at 510; *Ratliff v.*

*City of Milwaukee,* 795 F.2d 612, 625–26 (7th Cir.1986). Furthermore, they are accusations which plaintiff may be able to show were false, *Ratliff,* 795 F.2d at 626 (stigmatizing remarks must be shown to be false); *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 447 (2d Cir. 1980) (same), and publicly disseminated. *Hogue,* 791 F.2d at 1322–23 n. 7 (sufficient publication if employee's files are available for review by prospective employers); *Bailey v. Kirk,* 777 F.2d 567, 580 n. 18 (10th Cir.1985) (same); *Velger v. Cawley,* 525 F.2d 334, 336–37 (2d Cir.1975) (same).

■ Thus, plaintiff may well be able to show his entitlement to damages. His initial failure to request a hearing might suggest a lack of concern with the accusations and diminish the period during which he would be entitled to damages, but it would not bar him, however, from recovering damages. Also, the fourteenth amendment places the burden on the government to provide a hearing, not the aggrieved individual to request one. Furthermore, defendants' statement that a speedy hearing would not have provided plaintiff with a different result than that which occurred is a conclusion which is not theirs to make. Plaintiff may not have had a property interest in continued employment as a Willimantic police officer and, therefore, he was not entitled to a different decision by the municipality by which he could retain that position, but he did have an interest in other future employment. If defendants' violation of his liberty interest and failure to provide him with a hearing wherein he might offer evidence to refute the accusations of misconduct and perhaps achieve the type of decision later reached by First Selectman Clements, or exoneration in the public eye, impeded his ability to secure other employment during the period of denial, then he would be entitled to damages.[2]

---

**2.** Defendants' argument that plaintiff must show conduct which shocks the conscience of the court lacks merit. While conduct which shocks the conscience of the court is cognizable under the fourteenth amendment, *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 677, 88 L.Ed.2d 662 (1986) (Stevens, J., concurring in judgment), it is not required. The fourteenth amendment also provides substantive due process protection —prohibiting arbitrary government conduct, *id.* 106 S.Ct. at 678, and procedural due process— ensuring that deprivations do not occur until adequate procedural safeguards have been complied with. *Cleveland Board of Educ. v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Of necessity, to be meaningful,

Accordingly, defendants' objection on this basis is overruled.[3]

Defendants also have objected to the discovery requests as being onerous and overly burdensome. They have not met their burden in this regard and the objection is, therefore, overruled. Accordingly, defendants shall respond to the discovery requests on or before March 25, 1988.

### (2) *Defendants' Motion to Compel*

In view of the ruling above, plaintiff shall, on or before April 8, 1988, supplement his answers to Interrogatories 1, 2, 5, 6, 7 and 8(a) to provide greater detail as to the information requested in those interrogatories.

### (3) *Defendants' Motion Re Plaintiff's Objections to Discovery*

Plaintiff shall answer Interrogatories 3 and 4 on or before March 25, 1988, with the qualification that the word "how" shall be substituted with the phrase "the manner in which."

Requests for Production 1 and 2 shall be answered in conformation with Fed.R.Civ. P. 26(b)(4) on or before March 25, 1988. If no experts have been consulted, plaintiff shall state that no experts have been consulted and no experts have been prepared.[4]

SO ORDERED.

---

rights which are denied must give rise to an entitlement to recover damages proved to have been caused by the deprivation.

**3.** This decision does not reach the question of the admissibility of the discovery sought. Whether the compensation paid to Willimantic police officers is relevant/admissible to show the compensation plaintiff would have received but for the constitutional violation is an issue which remains for trial.

**4.** No attorney fees shall be awarded to either party.