LANDERS, FRARY AND CLARK *v.* LOCAL 207, UNITED ELECTRICAL, RADIO AND MACHINE WORKERS OF AMERICA ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 102230

Memorandum filed June 24, 1955.

*Maguire & Cole,* of Stamford, for the plaintiff.

*Gruber & Turkel,* of Stamford, for the defendants.

DEVLIN, J. In this application to make permanent a temporary injunction granted in a labor dispute on May 12, 1955, the defendant raises the question of failure to comply with General Statutes,

§ 7413. This statute provides: "Sec. 7413. Submission to arbitration. No temporary injunction shall be made permanent unless the plaintiff shall allege and prove that he has notified the commissioner of labor and factory inspection in writing of his willingness to submit such labor dispute to arbitration or mediation."

In paragraph 16 of the complaint the plaintiff alleges notice of compliance with the statute but only to the extent of its "willingness to submit the labor dispute to mediation." Defendant contends it must express its willingness to do both under the statute.

Authorities cited by counsel, for the most part, deal with the construction of a similar section of the Norris-LaGuardia Act, which differs from ours in that it requires the applicant "to make every reasonable effort to settle" the dispute by making use of negotiation, available governmental machinery, or voluntary arbitration.

A review of the cases shows a considerable conflict as to whether all avenues must be probed but the better reasoned seem to hold that since a temporary injunction has been granted and the plaintiff's rights protected it is incumbent upon him to evidence a willingness to exhaust all channels of compromise before the permanent injunction may be granted.

As the pleadings now stand the statute has not been complied with.

The application to make the injunction permanent is denied without prejudice.