BETTY SHEPPA, ADMINISTRATRIX *v.*
ANTHONY ADAMS ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 225908
NEW HAVEN

Memorandum filed February 25, 1985

*Jerome Lacobelle,* for the plaintiff.
*DelSole & DelSole,* for the defendants.

BERDON, J. The plaintiff seeks to strike, on the ground of § 52-216a of the General Statutes, a special defense filed by the defendant which alleges that the plaintiff received a sum certain from a joint tortfeasor "which sum shall operate as a set-off in the plaintiff's claim." Section 52-216a provides: "An agreement with any tortfeasor not to bring legal action or a release of a tortfeasor in any cause of action shall not be read to a jury or in any other way introduced in evidence by either party at any time during the trial of the cause of action against any other joint tortfeasors, nor shall any other agreement not to sue or release of claim among any plaintiffs or defendants in the action be read or in any other way introduced to a jury. If the court at the conclusion of the trial concludes that the verdict is excessive as a matter of law, it shall order a remittitur and, upon failure of the party so ordered to remit the amount ordered by the court, it shall set aside the verdict and order a new trial. If the court concludes that the verdict is inadequate as a matter of law, it shall order an additur, and upon failure of the party so ordered to add the amount ordered by the court, it shall set aside the verdict and order a new trial. This section shall not prohibit the introduction of such agreement or release in a trial to the court."

The statute does not preclude an allegation of payments from a joint tortfeasor as a special defense. Surely, this is an appropriate way to raise the issue under the statute. Just because it is alleged as a special defense does not necessarily mean the special defense must be submitted to the jury.

The motion to strike is denied.