[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE #127
The issue before the court is whether the court should grant plaintiff's motion to strike defendant Wu's second and third special defenses.
On March 25, 1991, plaintiff Louis Diaz filed this action for personal injuries against defendants Shibo Wu, Matthew Germain, and United Sewer and Drain Cleaning, Inc. On June 17, 1991, plaintiff filed an amended complaint in four counts alleging the negligence and recklessness of defendants Wu and Germain. On August 19, 1991, defendant Wu filed an answer and first special defense alleging the negligence of the plaintiff and a second special defense alleging that plaintiff received collateral source payments entitling defendant Wu to a set-off. On September 3, 1991, plaintiff filed reply denying both special defenses. On September 5, 1991, defendant Wu filed a claim for the jury docket. On March 20, 1992, defendant Wu filed a request for leave to amend the answer to add a third special defense alleging that plaintiff received $6,000.00 from released defendants Germain and United Sewer and Drain Cleaning, Inc.
On May 19, 1992, plaintiff filed a motion to strike defendant CT Page 8320 Wu's second and third special defenses. Plaintiff filed a memorandum of law along with his motion. Defendant Wu did not file opposition to the motion on time. One was filed July 29, 1992.
The motion to strike challenges the legal sufficiency of a pleading, Practice Book 152; Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495, ___ A.2d ___ (1992), including any special defense. Nowak v. Nowak, 175 Conn. 112,116, 394 A.2d 716 (1978). The motion to strike an answer, including any special defense, must be filed prior to replying to the special defense(s). Practice Book 112 "will waive the right to file any pleading which may have been filed in due order and which precedes it in the order of pleading provided in that section." Practice Book 113; Sachs v. Feinn, 121 Conn. 77, 80, 183 A. 384
(1936); Labrazzo v. Georgetti, 4 Conn. L. Trib. No. 26, p. 14 (1978). The court does not have the discretion, however, to allow the filings of pleadings out of order. Sabino v. Ruffolo, 29 Conn. App. 402,404, 115 A.2d 464 (1989).
Special Defense — Collateral Source Payments
Plaintiff moves to strike the second special defense on the ground of legal insufficiency in that the defense improperly introduces into the pleadings the issue of collateral sources.
The plaintiff replied to the second special defense on September 3, 1991 prior to his filing a motion to strike that defense on May 19, 1992. Accordingly, the plaintiff in filing pleadings out of order has waived his right to attack the legal sufficiency of that defense. It is therefore found that the motion should be denied as to the second special defense.
Third Special Defense — Release of Co-defendants
Plaintiff moves to strike the third special defense on the ground that General Statutes 52-216a forbids introducing into the pleadings a settlement with and release of joint tortfeasors.
General Statutes 52-216a provides in pertinent part that in any case tried to a jury,
 a release of a tortfeasor . . . shall not be read to a jury or in any other way introduced in evidence by either party at any time during the trial of the cause of action against any other joint tortfeasors. . . .
"The purpose of this statute is to `ensure that jury verdicts would not be influenced by the knowledge of a partial settlement."' CT Page 8321 Belanger v. Village Pub I, Inc., 26 Conn. App. 509, 514. ___ A.2d ___ (1992), citing Civiello v. Owens-Corning Fiberglass Corp.,208 Conn. 82, 93, 544 A.2d 158 (1988). Section 52-216a provides for the apportionment of damages at the conclusion of the trial through court order by either additur or remittitur.
The only published case dealing with this issue is Sheppa v. Adams, 40 Conn. Sup. 263, 491 A.2d 437 (1985). In Sheppa, the court, Berdon, J., held that the defense of settlement with joint tortfeasor was proper. The court reasoned that "[j]ust because [settlement] is alleged as a special defense does not necessarily mean that the special defense must be submitted to the jury." Sheppa, supra, 264.
This Court adopts the rational of the Sheppa case, and accordingly denies the motion to strike this special defense.
WILLIAM McGRATH, JUDGE