[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This seven count action was originally brought by the plaintiff, Kristin Ludington Fritz, against the following three defendants: William Vestal, a minister who practices psychotherapy and is affiliated with the Valhalla Methodist Church in New York; the Valhalla Methodist Church; and Harvey Wasserman, a psychologist who practices psychotherapy in Westport, Connecticut. The complaint, dated August 23, 1990 and amended January 15, 1991, alleges malpractice, breach of fiduciary duty, negligent infliction of emotional distress and assault and battery as to Vestal; negligence as to the Valhalla Methodist Church; and malpractice and assault and battery as to Wasserman.
On November 21, 1991, the action was withdrawn as to Vestal, as a CT Page 2922 result of a settlement between this defendant and the plaintiff. Wasserman [hereinafter "defendant"] filed a request (#131) for disclosure and production of the details of that settlement, to which the plaintiff filed an objection.
General Statutes 52-197 provides in subsection (a) that "[i]n any civil action, the court, upon motion of either party, may order disclosure of facts or disclosure, production and inspection of papers, books or documents by either material to the moving party's cause of action or defense, and within the knowledge, possession or power of the adverse party." "A ruling on such a motion is within the sound discretion of the court." Graham v. Houlihan, 147 Conn. 321, 331, 160 A.2d 745 (1960); see also Standard Tallow v. Jowdy, 190 Conn. 48, 57, 459 A.2d 503
(1983). "That discretion is limited, however, by the provisions of the rules pertaining to discovery; Practice Book 217-221; especially that mandatory provision that discovery `shall be permitted if the disclosure sought would be of assistance in the prosecution or defense of an action. . .' (Emphasis added.)" Standard Tallow v. Jowdy, supra, 57-59, quoting Practice Book 218.
"Read as a whole, Connecticut's rules of discovery clearly place the burden on the moving party to request discovery within the strictures of the rules." Dzurenda v. Burdo, 8 CSCR 549 (May 3, 1993, Lager, J.). Practice Book 218 provides in relevant part that:
 [d]iscovery shall be permitted if the disclosure sought would be of assistance in the prosecution or defense of the action and if it can be provided by the disclosing party or person with substantially greater facility than it could otherwise be obtained by the party seeking disclosure. It shall not be ground/or objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
See Standard Tallow v. Jowdy, 190 Conn. 48, 57.
The defendant argues that the settlement amount is material and relevant to his defense, as he must decide whether to go forward with trial or make an offer of settlement. The defendant also points out that the amount will be disclosed pursuant to General Statutes52-572h(n) when the damages are apportioned after trial. In response, the plaintiff argues that the settlement is not discoverable because it is not reasonably calculated to lead to the discovery of admissible evidence pursuant to 218 of the Practice Book. The plaintiff claims that she signed an agreement to maintain silence and confidentiality regarding CT Page 2923 the settlement and that she is bound by such agreement. The plaintiff also claims that apportionment would not be proper in this case and that the settlement amount would not be admissible at trial.
General Statutes 52-216a provides in relevant part that:
 [a]n agreement with any tortfeasor not to bring legal action or a release of a tortfeasor in any cause of action shall not be read to a jury or in any other way introduced into evidence by either party at any time during the trial of the cause of action against any other joint tortfeasor, nor shall any other agreement not to sue or release of claim among any plaintiffs or defendants in the action be read or in any other way introduced into evidence." (Emphasis added.)
This statute does not preclude an allegation of payments from a joint tortfeasor from being raised as a special defense. Sheppa v. Adams,40 Conn. Sup. 263, 264, 491 A.2d 437 (1985, Berdon, J.); Diaz v. Shibo Wu,7 CSCR 1091 (September 2, 1992, McGrath, J.). One court noted that "[j]ust because it is alleged as a special defense does not necessarily mean the defense must be submitted to the jury." Id. As noted above, Practice Book 218 provides that inadmissibility at trial is not grounds for objection, as long as "the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Sheppa v. Adams, supra.
The issue of whether a settlement agreement is discoverable has not been addressed by the Connecticut courts. One superior court found that evidence regarding a plaintiff's collateral sources payments was not discoverable. Latney v. Northwest Catholic, 5 Conn. L. Rprt. 554, 555 (January 13, 1992, Gill, J.). The court based its holding on Gurliacci v. Mayer, 218 Conn. 531, 555-59, 590 A.2d 914 (1991), noting that Gurliacci dealt with the collateral source rule as it pertained to the admissibility of evidence of trial. The collateral source rule, General Statutes 52-225a, like 52-216a, permits a judge after verdict to apply certain funds received from collateral sources in order to reduce such verdict. The Supreme Court in Gurliacci "held that when `malingering' is claimed by the defendant then the trial court has the discretion to admit evidence of collateral income in order to show malingering if there is corroborative evidence and a proper limiting instruction is given." Latney v. Northwest Catholic, supra. Since there was not corroborative evidence of malingering, Judge Gill held that evidence of collateral source payments was not discoverable. Id. On the other hand: CT Page 2924
 [t]he Federal Rules and virtually all current state rules and statutes contain a provision that a party may obtain discovery of the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action, or to indemnify or reimburse for payments may to satisfy the judgment. Information concerning the insurance agreement is not by reason of disclosure admissible in evidence at trial. The purpose [of] such disclosure is to enable counsel for both sides to make the same realistic appraisal of a case, so that settlement and litigation strategy are based on knowledge and not speculation.
23 Am. Jur. Depositions and Discovery 42 (1983).
The court chooses to follow Judge Gill's reasoning and also finds that information regarding the settlement is not calculated to lead to admissible evidence under Practice Book 218. Therefore, the request for disclosure is denied.
So Ordered.
Dated at Stamford, Connecticut, this 17th day of March, 1994.
William B. Lewis, Judge