[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#129)
The plaintiff, Patricia Neary, instituted this medical malpractice action against the defendant, Brian E. McCarthy, an orthopedic surgeon licensed to practice medicine in this state, to recover damages she allegedly sustained as the result of the defendant's negligence. The plaintiff alleges that during an operation performed as part of treatment for a back injury, the defendant negligently cut an artery and vein of the plaintiff, resulting in substantial internal bleeding. The plaintiff now moves to strike two special defenses raised by the defendant in his amended answer to the complaint.
The first special defense alleges that the plaintiff has already received payment for the injuries and damages alleged in the complaint as part of the settlement of a prior related action. This special defense alleges that if damages are assessed against the defendant, the settlement payment received by the plaintiff in the prior action must be applied as an accord and in satisfaction of the damages. The second special defense alleges that the plaintiff's claims of negligence as set forth in paragraph six of the amended complaint are barred by the applicable statute of limitations, General Statutes Section 52-584.
In support of her motion to strike these special defenses, the plaintiff filed a memorandum of law. The defendant timely filed a memorandum in opposition to this motion. CT Page 6120
The function of a motion to strike, "like that which the demurrer served, is to test the legal sufficiency of a pleading."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action." Passini v. Decker, 39 Conn. Sup. 20, 21, 467 A.2d 442
(Super.Ct. 1983). On a motion to strike, "all facts well pleaded and those facts necessarily implied from the allegations are taken as admitted." Amodio v. Cunningham, 182 Conn. 80, 82-83,438 A.2d 6 (1980). The court must construe the facts alleged in a pleading in the manner most favorable to the pleader. Rowe v. Godou,209 Conn. 273, 278, 550 A.2d 1073 (1988).
The plaintiff seeks to strike the first special defense on the grounds that it is substantially the same as a similar special defense that was stricken previously by the court. In addition, the plaintiff contends that only after a verdict does the court, not the jury, determine the application of any collateral payments to a damages award. The defendant, however, contends that the first special defense is legally sufficient because it alleges that the plaintiff's alleged damages have been fully satisfied by settlement with a prior independent tortfeasor. Thus, the defendant claims this special defense shows that the plaintiff has no cause of action. Furthermore, the defendant claims the collateral source statute, Sec. 52-225a(b) is inapplicable, since this settlement is not a collateral source as defined by General Statutes Sec. 52-225b.
This court previously granted the plaintiff's motion to strike a special defense similar to that presently alleged by the defendant. Neary v. McCarthy, Superior Court, Judicial District of Litchfield, No. 06 34 12 (February 9, 1995, Picket [Pickett], J.). The prior special defense alleged that the plaintiff had received payments for its injuries, but it did not allege from whom the payments were received. Id. The court, therefore, could not conclude whether it alleged a collateral source payment, which is prohibited by Practice Book Sec. 195A. Id. Additionally, the court concluded that it failed to properly allege a legal or equitable setoff. Id. Finally, since there was no allegation that payment was received from the original tortfeasor, the court concluded that it was not a proper special defense. Id.
The defendant now alleges that the plaintiff received payment for its injuries in a settlement from the defendants in a prior related action. The defendant alleges that this settlement payment CT Page 6121 must be applied as an accord and in satisfaction of any damages assessed against the defendant in this action.
Neither party in their memoranda of law has addressed the relevancy of General Statutes Sec. 52-216a to the legal sufficiency of the first special defense. That statute provides that
 [a]n agreement with any tortfeasor not to bring legal action or a release of a tortfeasor in any cause of action shall not be read to a jury or in any other way introduced in evidence by either party at any time during the trial of the cause of action against any other joint tortfeasors, nor shall any other agreement not to sue or release of claim among any plaintiffs or defendants in the action be read or in any other way introduced to a jury. If the court at the conclusion of the trial concludes that the verdict is excessive as a matter of law, it shall order a remittitur and, upon failure of the party so ordered to remit the amount ordered by the court, it shall set aside the verdict and order a new trial. If the court concludes that the verdict is inadequate as a matter of law, it shall order an additur, and upon failure of the party so ordered to add the amount ordered by the court, it shall set aside the verdict and order a new trial. This section shall not prohibit the introduction of such agreement or release in a trial to the court.
General Statutes Sec. 52-216a. This statute "was enacted to ensure that jury verdicts will not be influenced by the knowledge of a partial settlement . . . thereby removing whatever possibility for prejudice [that] may exist." (Citations and internal quotation marks omitted.) Bennett v. Automobile Ins. Co. of Hartford,230 Conn. 795, 804, 646 A.2d 806 (1994).
In Sheppa v. Adams, 40 Conn. Sup. 263, 264, 491 A.2d 437 (1985 Berdon, J.), the court denied a motion to strike a special defense alleging that the plaintiff received a sum certain from a joint tortfeasor "which sum shall operate as a set-off in the plaintiff's claim." Judge Berdon held that Sec. 52-216a does not preclude an allegation of payments from a joint tortfeasor as a special defense. Id. "Surely, this is an appropriate way to raise the issue under the statute. Just because it is alleged as a special CT Page 6122 defense does not necessarily mean the special defense must be submitted to the jury." Id. In Diaz v. Sibo Wu, 7 CSCR 1091
(September 2, 1992, McGrath, J.) the court adopted the rationale of the Sheppa case, and accordingly denied a motion to strike a special defense alleging that the plaintiff received payment from released defendants.
In Patenaude v. St. Vincent's Medical Center,4 Conn. L. Rptr 234 (June 19, 1991, Nigro, J.), however, the court granted a motion to strike a special defense alleging that in the event a verdict entered in favor of the plaintiff, a settlement reached by the plaintiff with another tortfeasor must be considered by the jury as a set-off in its determination of damages. Similar to the case presently before the court, the plaintiff in Patenaude commenced two lawsuits, one for injuries sustained in an automobile accident, and one for medical malpractice alleged to have occurred at the hospital after the plaintiff's decedent was brought to the emergency room. Id. The court addressed the issue of whether the special defense violated General Statutes Sec. 52-216a, with the defendant arguing that the statute was not applicable because it applied to joint tortfeasors, and the prior settlement was with the original tortfeasor. Id., 234-36. The court found that definition of the term joint tortfeasor in 52-216a was the same as that used in 52-572e, which defines joint tortfeasor as "two or more persons jointly or severally liable in tort for the same injury to person or property." Id., 236. The court concluded that a post-verdict reduction based on a prior settlement does not concern a matter of proof to be established during the course of a jury trial, it is not properly the subject of a special defense." Id.
This court agrees with the reasoning of the court in Patenaude
that the definition of the term joint tortfeasors as used in 52-216a
includes original tortfeasors and that a post-verdict reduction based on a prior settlement does not concern a matter of proof for the jury. This court, however, does not agree with the conclusion that a special defense alleging a prior settlement is, therefore, necessarily precluded. Instead, this court agrees with the rationale of the holdings of Sheppa v. Adams and Diaz v. SiboWu that such a special defense is proper. Simply because such a special defense is raised does not necessarily mean that the special defense must be submitted to the jury. For example, inBennett v. Automobile Ins. Co. of Hartford, supra, 230 Conn. 795, the court held that the proper manner to raise the issue of insurance policy limitation is by special defense, even when the limitation is undisputed. Id., 80. The court in Bennett stated that CT Page 6123 "[w]hen a jury determination of the facts raised by special defense is not necessary, the special defense will not be submitted to the jury but, rather, will be resolved by the trial court prior to the rendering of judgment." Id. Similarly, in the context of prior settlements or release of joint tortfeasors, the allegation of such a special defense puts parties on notice of the issue. Under Section 52-216a, the issue does not go before the jury, but can be decided by the trial court post-verdict when raised in the proper manner. The defendant's first special defense, therefore, is a proper means to raise the issue of partial settlement or release of joint tortfeasors. Therefore, the plaintiff's motion to strike the first special defense is denied.
The plaintiff also moves to strike the second special defense which alleges that the plaintiff's claims of negligence as set forth in the sixth paragraph of the amended complaint are barred by the statute of limitations, General Statutes Sec. 52-584. The plaintiff claims that the action was commenced within two years of the operation that is the subject of the complaint. This issue, the plaintiff claims, was already decided by the court when it overruled the defendant's objection to her request to amend. The plaintiff argues that the amended complaint relates back to and is treated as if filed at the time of the original complaint. Thus, the plaintiff claims that any allegation raising the statute of limitations is legally insufficient.
The defendant claims that the second special defense is legally sufficient despite the prior ruling of the court overruling his objection to the plaintiff's request to amend. The defendant argues that claims set forth in paragraph six of the amended complaint are barred by the statute of limitations. The defendant also points out that the standards for the court to apply on a motion to strike are distinct from the standards on a request to revise. Since the amended complaint added new causes of action that are time barred by the statute of limitations, the defendant claims that the second special defense is legally sufficient.
On August 2, 1994, the plaintiff filed a request to amend the complaint. The defendant objected to the request arguing that it was unfairly prejudicial and that it sought to add new allegations that were untimely because they consisted of new causes of action. The court (Picket [Pickett], J.) overruled the defendant's objection without a memorandum of decision, although it cited to Jonap v. Silver,1 Conn. App. 550, 555-56, 474 A.2d 800 (1984), which states CT Page 6124
 An amended complaint, if permitted, relates back to and is treated as filed at the time of the original complaint unless it alleges a new cause of action. . . . A cause of action must arise from a single group of facts. . . . An amendment may properly expand or amplify what and originally been alleged in support of the cause of action. . . . A change in the allegations does not necessarily amount to an introduction of a new cause of action. . . . Where an entirely new and different factual situation is presented, however, a new and different cause of action is stated.
(Citations omitted.) Id.
The original complaint merely alleged that the defendant was negligent in that he produced a tear in the right common iliac artery and left common iliac vein of the plaintiff. The sixth paragraph of the amended complaint alleges that the defendant was also negligent in failing to operate only within the injured region of the plaintiff's back; failing to examine the plaintiff during surgery for cuts and tears; failing to identify and diagnose the cut artery and vein and internal bleeding; failing to monitor the plaintiff's postoperative condition after surgery; failing to perform an adequate and proper postsurgery evaluation; failing to examine the plaintiff after surgery in a timely manner; failing to inform the plaintiff of the cut artery and vein; failing to inform the plaintiff fully and adequately of the potential hazards, risks and dangers involved in the disectomy; failing to prepare himself adequately and properly for the operation; failing to educate himself adequately and properly as to the performance and risks of hemilaminotomy and microdisectomy surgery; and performing the operation without adequate and proper knowledge and experience.
While a claim of lack of informed consent is an action sounding in negligence, it may be also be a distinct cause of action from a claim alleging negligent medical care. Goral v.Kenney, 26 Conn. App. 231, 237 n. 7, 600 A.2d 1031 (1991) (claims of negligent postoperative care and lack of informed consent are different causes of action); Hammer v. Mount Sinai Hospital,25 Conn. App. 702, 706 n. 4, 596 A.2d 318 (1991) (allegations of lack of informed consent and negligent performance of medical procedure were separate causes of action). The reason for this distinction is that the two causes of action arise from a different group of facts. Goral v. Kenney, supra; Hammer v. Mount Sinai Hospital,
CT Page 6125 supra. An examination of the appellate record in the Goral andHammer cases reveals that in both cases the plaintiffs alleged one count complaints where the allegations were similar to those in the amended complaint. Thus, under these cases, the plaintiff's amended complaint introduces new causes of action not alleged in the original complaint.
Under the "law of the case" doctrine, when a matter has been previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstances. Miller v. Kirschner, 225 Conn. 185, 191,621 A.2d 1326 (1993). The doctrine, however, is not one of unbending rigor and a judge is not bound by an earlier decision and has the right to reconsider the question. Id., 191-192.
In this case, the court did not explicitly hold that the plaintiff's claims in paragraph six of the amended complaint were brought within the statute of limitations. The prior ruling, however, suggests that those claims are merely new allegations of negligence that relate back to the original complaint and do not introduce new causes of action. In light of Goral v. Kenney,
supra, and Hammer v. Mount Sinai Hospital, supra, any such determination was not proper. Instead, the issue of whether the new allegations of the amended complaint are new causes of action that do not relate back to the original complaint is more properly raised and decided by means of a special defense asserting the statute of limitations. Therefore, the motion to strike the second special defense is denied.
For these reasons the plaintiff's motion to strike the first and second special defenses is denied.
PICKETT, J.