RETAIL, WHOLESALE AND DEPART-
MENT STORE UNION,
AFL–CIO, Petitioner,

v.

G. C. MURPHY COMPANY.

Nos. 79–1507, 79–1508.

United States Court of Appeals,
Third Circuit.

Argued Nov. 15, 1979.

On Remand from the Supreme Court.

Decided July 31, 1981.

Robert H. Stevenson, Anderson, More-
land & Bush, Pittsburgh, Pa., for G. C.
Murphy Co.

Joseph M. Maurizi, Balzarani, Walsh &
Maurizi, Pittsburgh, Pa., Robert Marke-
wich, Markewich, Rosenhaus, Markewich &
Friedman, New York City, for petitioner.

Before GIBBONS, HIGGINBOTHAM
and SLOVITER, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

In a prior decision this court reviewed a
judgment of the district court for the West-
ern District of Pennsylvania, holding (1)
that it had jurisdiction over the Interna-
tional Union of Wholesale and Department
Store Union, AFL–CIO in a class action
charging violation of Title VII of the Civil
Rights Act of 1964, as amended, 42 U.S.C.
§§ 2000e–2000e–17, and (2) that the Inter-
national Union was liable to G. C. Murphy
Co., the employer, for contribution, as a
tortfeasor, for payment of the judgment
resulting from the Title VII charges. The
International Union appealed both rulings,
and in *Glus v. G. C. Murphy Co.*, 629 F.2d
248 (3d Cir. 1980), we affirmed. In Part II
of that opinion, 629 F.2d at 251–52, we held
that the International Union was subject to
the district court's Title VII jurisdiction.
In Parts III and IV, 629 F.2d at 252–57 and
257–59, we held that there was a federal
common law right of contribution, and af-
firmed the district court's calculation of the
amount of contribution. The International
Union petitioned for certiorari, which was
granted on April 27, 1981, —— U.S. ——,
101 S.Ct. 2013, 68 L.Ed.2d 321 (1981).
At that time, the Supreme Court vacated
our judgment and remanded to this court
for further consideration in light of *North-
west Airlines, Inc. v. Transport Workers
Union of America, et al.*, —— U.S. ——,
101 S.Ct. 1571, 67 L.Ed.2d 750 (1981).
In that case the Court held that there is no
right to contribution among those found to
have violated Title VII. Parts III and IV
of our prior opinion are inconsistent with
that holding, and should be deemed to be
vacated.

The judgment appealed from will be re-
versed insofar as it imposed liability on the
International Union in favor of G. C. Mur-
phy Co. for contribution, but in all other
respects affirmed. Costs shall be taxed in
favor of the International Union against G.
C. Murphy Co. as appellee and cross-appel-
lant.