**Willie DOBSON, Plaintiff-Appellee,**

v.

**D.R. CAMDEN, Defendant-Appellant.**

**No. 82–2066.**

United States Court of Appeals, Fifth Circuit.

Feb. 27, 1984.

D. Reid Walker, Houston, Tex., for defendant-appellant.

Lovell W. Aldrich, Houston, Tex., for plaintiff-appellee.

---

Before CLARK, Chief Judge, and BROWN, GOLDBERG, GEE, RUBIN, REAVLEY, POLITZ, TATE, JOHNSON, WILLIAMS, GARWOOD, JOLLY, and HIGGINBOTHAM, Circuit Judges *.

REAVLEY, Circuit Judge:

Willie Dobson sued Officer D.R. Camden of the Houston Police Department, together with another officer and the City of Houston with its mayor and police chief, alleging liability under 42 U.S.C. §§ 1983 and 1985 for injuries received from beatings inflicted by the officers while taking Dobson into custody and during the subsequent custody. Dobson's complaint was later amended to add Denny's, Inc., owner of the restaurant where he was arrested, for false arrest and malicious prosecution.

Denny's settled with Dobson, paying him $30,000 for a complete release. At the subsequent trial the jury found that Officer Camden had used excessive force while taking Dobson into custody or while in custody, and Dobson's damages due to the use of excessive force were found to be $25,000. The district court, assuming Denny's and Camden to have been joint tortfeasors, deducted from the recovery because of Denny's release and awarded Dobson $15,851.97 plus attorney fees against Camden.

Camden appealed, employing Rule 10, Fed.R.App.P., to present the sole issue of whether the $30,000 settlement with Denny's should be credited against the damage verdict. The contention is that Dobson's recovery from the joint tortfeasor, Denny's, fully satisfied and exhausted the claim against Camden under Texas law. *Bradshaw v. Baylor University,* 126 Tex. 99, 84 S.W.2d 703 (1935); *Thibodeaux v. Fibreboard Corp.,* 706 F.2d 728 (5th Cir.1983). A panel of this court held the Texas rule to be

unsuitable to the remedy of section 1983 and, pursuant to 42 U.S.C. § 1988, declared that the federal rule should allow credit for the settlement of a joint tortfeasor only to the extent and in proportion to the amount of the injury caused by that tortfeasor. *Dobson v. Camden,* 705 F.2d 759 (5th Cir. 1983). The case was remanded for the district court to determine the share of blame for Dobson's injury to be borne by Denny's, with the burden of that proof to be upon Camden.

This court voted the case for en banc consideration of the issue, drawn by the majority and dissenting opinions of the panel, of what rule should apply in the case of liability of a defendant in a federal civil rights action after prior settlement with a joint tortfeasor. Though counsel for Dobson has joined the panel, as he joined the district court at the judgment stage, in assuming that Denny's and Camden were joint tortfeasors, we find no basis for joint liability of the two for the damages awarded at trial and conclude that this is an inappropriate case for resolution of the stated issue. As for this case, the settlement with Denny's should not be credited against the damage verdict against Camden. The district court did so in part, but Dobson has not complained of nor appealed that action, and the judgment is therefore affirmed.

Our decision is based upon examination of the Plaintiff's Second Amended Original Complaint together with the verdict of the jury against the background of the court's charge. The pleading alleges Denny's to be liable for false arrest and malicious prosecution. In paragraphs 14 and 15 the officers and city defendants are alleged to have violated 42 U.S.C. §§ 1983 and 1985 as co-conspirators and actors in concert. By a separate statement in paragraph 15, Denny's is charged with false arrest and malicious prosecution, and for the injuries "un-

---

* Judge Goldberg, now a senior judge of this circuit, is participating as a member of the panel initially deciding the appeal now subject to en banc review. 28 U.S.C. § 46(c). Judge Randall did not participate in the consideration of this decision. Judge Davis was not a member of the court when this case was submitted to the court en banc and did not participate in the consideration of this decision.

der the doctrine of Respondeat Superior or under the doctrines of agency."

The damages assessed by the jury were limited to injuries caused by the use of excessive force by the police officer while Dobson was in custody or during the execution of a lawful arrest. The court instructed the jury, in part, as follows:

On January 16, 1977, Willie Dobson came to Houston on a business trip from his hometown in Arkansas. He and a group of other salesmen from Hastings Manufacturing Company were staying at the LaQuinta Inn on the Southwest Freeway here in Houston. They went to Denny's Restaurant which was on the grounds of the motel for drinks and a meal. Sometime after midnight, Willie Dobson left the bar area and went into the dining area with a friend. He, then, went to the rest room where he remained for sometime [sic]. While he has [sic] in a stall in the restroom, three Houston Police Officers who were eating in Denny's at the time were asked by Denny's management to check on Mr. Dobson. The officers went into the rest room and after an encounter with Mr. Dobson they arrested him. Mr. Dobson was taken to the Houston Police Substation on Beechnut. He was placed in a cell by an officer. When released the next morning, he went back to the motel and was then taken to Memorial Hospital where he was found to have suffered certain injuries.

．　　．　　．　　．　　．

Plaintiff specifically claims that he was subjected to excessive force by these defendant officers during and after his arrest. You are instructed that in making a lawful arrest, an officer has the right to use such reasonable force as is necessary under the circumstances to effect the arrest.

．　　．　　．　　．　　．

In considering whether any or all of these officers violated the constitutional rights of Mr. Dobson because of the use of excessive force, you should look to such factors as the need for the application of reasonable force, the relationship be-

tween the need and the amount of force that was used, the extent of the injury inflicted and the officers' need to protect themselves or others.

To determine whether these officers are liable for their application of force you must consider whether the force was applied in a reasonably good faith belief that it was necessary and proper under all the circumstances at the time. Reasonable good faith is defined earlier in these instructions. Please note that defendants bear the burden of proof that they acted in good faith during the occasion in question.

By its verdict, the jury found that officer Camden "used excessive force while taking Willie Dobson into custody or while Willie Dobson was in [his] custody," that Dobson "suffered injuries as a proximate cause of the use of excessive force" by Camden, and that Camden did not act "in a reasonably good faith belief that his actions were proper." It fixed a total of $25,000 as compensation to Dobson for injuries sustained because of that use of excessive force.

There is no joint liability between Denny's and Camden for the particular injuries for which Dobson recovered, for no theory of tort law exists to impose responsibility on Denny's for the excessive force used by Camden. Conspiracy between Denny's personnel and the police officers to inflict bodily injury on Dobson was not alleged and is not suggested. Furthermore, the use of excessive force by a police officer in the course of an arrest cannot be charged to Denny's under any theory of respondeat superior because Denny's clearly lacked the right to control the assaultive conduct of the officers. *See Newspapers, Inc. v. Love,* 380 S.W.2d 582 (Tex.1964); *Gessell v. Traweek,* 628 S.W.2d 479, 482–83 (Tex.App.—Texarkana 1982, writ ref'd n.r.e.); *cf. Bounty Ballroom v. Bain,* 211 S.W.2d 248 (Tex. Civ.App.—Amarillo 1948, writ ref'd n.r.e.).

The jury simply did not allow any recovery for injuries resulting from a false arrest, for which Denny's might have been jointly liable. *See Reicheneder v. Skaggs*

*Drug Center,* 421 F.2d 307, 311 (5th Cir. 1970) (applying Texas law); *Cronen v. Nix,* 611 S.W.2d 651 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ), *cert. denied,* 102 S.Ct. 132 (1981). Instead, its award was for the wholly separate injuries flowing from the officers' use of excessive force, injuries in which Denny's played no part and for which it could not have been held responsible. *Dean v. Gladney,* 621 F.2d 1331, 1338–40 (5th Cir.1980), *cert. denied,* 450 U.S. 983, 101 S.Ct. 1521, 67 L.Ed.2d 819 (1981). *See Central Motor Co. v. Robertson,* 154 S.W.2d 180, 183 (Tex.Civ.App.—Fort Worth 1941), *aff'd sub nom. Burton v. Roberson,* 139 Tex. 562, 164 S.W.2d 524 (1942) (adopting opinion of Court of Civil Appeals); *Citizens Hotel v. Foley,* 131 S.W.2d 402 (Tex.Civ.App.—Fort Worth 1939, writ dism'd judgmt cor.) (one who reports facts to police entitled to assume police will act lawfully thereafter).

Without any basis for joint liability, there are no problems of contribution or of crediting the settlement with Denny's against the recovery from Camden. There should have been no reduction in the judgment awarded Dobson, but Dobson makes no complaint.

AFFIRMED.

GOLDBERG, Circuit Judge, with whom JOHN R. BROWN, Circuit Judge, joins, dissenting:

The panel opinion and dissent in this case addressed admittedly difficult and weighty issues. Those issues are not addressed in the en banc opinion, because the Court has construed Willie Dobson's pleadings in a manner showing no kinship with the sons and daughters of *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The jury awarded Dobson damages against Camden to compensate Dobson for the physical injuries he suffered. Under Texas law, that award is subject to set-off on account of Denny's settlement with Dobson if Dobson's complaint sought to recover from Denny's for those injuries.

The majority does not contest this proposition of Texas law, but instead reads Dobson's complaint as not asserting a claim against Denny's for his injuries. With all due respect for the majority, I believe Dobson's complaint quite clearly seeks to recover from Denny's for his injuries.[1] Though I am sensitive to the institutional dynamic leading the majority down the path it has chosen, I am more sensitive to our institutional obligation to address issues fairly presented, difficult and divisive though that task may be. Accordingly, because I believe that this case does squarely present issues left languishing by the narrow reading given Dobson's complaint by the en banc Court, I must respectfully dissent.

---

1. *See, e.g.* Plaintiffs Second Amended Original Complaint ¶ 2 (alleging action under civil rights conspiracy statute, 42 U.S.C. § 1985 (1976)); *id.* ¶ 8 ("agents, servants, and/or employees of the Defendant, Denny's, Inc. that ... stated [sic] the chain of events which led to his ... injuries); *id.* ¶ 9 ("Plaintiff would show the serious and permanent injuries he received were a direct and proximate result of the wilful, malicious and wrongful acts of the Defendants...."); *id.* ¶ 13 (previously alleged actions deprived Dobson of his civil rights under 42 U.S.C. § 1985, the civil rights conspiracy statute); *id.* ¶ 15 ("[E]ach of the Defendants are liable to the Plaintiff for his injury ... the Defendant, Denny's, Inc., by and through their agents, servants, and/or employees caused the Plaintiff to be ... severely injured.").