Robert J. HOFFMAN

v.

Francis P. McNAMARA, et al.

Civ. No. B–82–391 (PCD).

United States District Court,
D. Connecticut.

July 6, 1988.

Emanuel Margolis, Stephen A. Finn, Wofsey, Rosen, Kiveski & Kuriansky, Stamford, Conn., for plaintiff.

David Treiber, Willimantic, Conn., for City of Willimantic and Estate of Hussey.

### RULING ON MOTION TO AMEND ANSWER AND AFFIRMATIVE DEFENSES

DORSEY, District Judge.

Defendants, City of Willimantic and Estate of John P. Hussey, move to amend their answer and affirmative defenses to assert a fifth affirmative defense, to wit: "Any damages sustained by the plaintiff have been paid or satisfied, in whole or in part, by the payment of the sum of $78,-000.00 to the plaintiff by co-defendants."

Plaintiff argues that, while Fed.R.Civ.P. 15 authorizes the liberal amendment of pleadings, such should not be allowed in this case because the new affirmative defense would be subject to dismissal under Fed.R.Civ.P. 12(b)(6). He argues that (1) the nature of the claimed wrongful conduct of the remaining defendants differs from that of the defendants which settled and that the remaining defendants cannot, therefore, be considered joint tortfeasors; and (2) neither 42 U.S.C. § 1983 nor Connecticut law, as allegedly made applicable under 42 U.S.C. § 1988, provides for a right of set-off.

*Discussion*

■ Rule 15(a), Fed.R.Civ.P., permits amendments absent undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 42 (2d Cir. 1979); *Grand Sheet Metal Prod. v. Aetna Cas. & Sur. Co.*, 500 F.Supp. 904, 907 (D.Conn.1980). Amendment is left to the sound discretion of the district court, 3 Moore's Federal Practice, ¶ 15.08[4], and requires a balancing of the dilatory or prejudicial consequences of the proposed amendment against the policy of permitting disposition of the merits of all issues reasonably raisable in an action. *Conley v.*

*Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957); *Grand Sheet Metal Prod.*, 500 F.Supp. at 906. Where a motion raises claims which would otherwise be subject to dismissal under Fed.R.Civ.P. 12(b)(6), amendment need not be permitted. *Emory v. Texas State Bd. of Medical Examiners*, 748 F.2d 1023, 1027 (5th Cir. 1984); *Marx v. Centran Corp.*, 747 F.2d 1536, 1550 (6th Cir.1984), *cert. denied*, 471 U.S. 1125, 105 S.Ct. 2656, 86 L.Ed.2d 273 (1985).

Defendants' motion presents two questions:

1. Are the settling defendants and the non-settling defendants joint tortfeasors with respect to the injuries suffered by plaintiff?

2. If they are, under 42 U.S.C. § 1988, does federal law or state law control the question of defendants' ability to plead set-off as an affirmative defense?

A. *Are the settling defendants and non-settling defendants joint tortfeasors?* [1]

■ "[A] right to contribution is recognized when two or more persons are liable to the same plaintiff *for the same injury* and one of the joint tortfeasors has paid more than his fair share of the common liability." *Northwest Airlines, Inc. v. Transport Workers Union of America*, 451 U.S. 77, 87–88, 101 S.Ct. 1571, 1578–1579, 67 L.Ed.2d 750 (1981), citing Restatement (Second) of Torts § 50, at 307–09 (4th ed. 1971) (emphasis added). Thus, when a plaintiff's injuries and his resulting injuries are divisible among the several defendants, there can be no claim of contribution or set-off. *Wren v. Spurlock*, 798 F.2d 1313, 1323 (10th Cir.1986), *cert. denied*, 479 U.S. 1085, 107 S.Ct. 1287, 94 L.Ed.2d 145 (1987); *Dobson*, 725 F.2d at 1006. In this case, plaintiff's claims are not so divisible as to the respective defendants such that a clear

---

1. The principles of "set-off" and "joint contribution" are not mutually exclusive. *See Dobson v. Camden*, 725 F.2d 1003, 1006 (5th Cir.1984); *Miller v. Apartments & Homes of New Jersey, Inc.*, 646 F.2d 101, 105 n. 5 (3d Cir.1981). The same policies underlie both theories: (1) a tort victim should receive neither more nor less than

one complete satisfaction of his claim; (2) the law should seek to encourage settlement; and (3) joint tortfeasors should be held jointly liable for injuries caused to a plaintiff either on an equal basis or a proportional basis. *Miller*, 646 F.2d at 109; *see also infra* at note 5.

line of distinction could be drawn between the injury caused by the settling defendants and the injury caused by the non-settling defendants. The facts which gave rise to plaintiff's dismissal from the police academy and his alleged constructive discharge from the Willimantic Police Department are inseparably linked. *See* Ruling on Pending Motions at 5 680 F.Supp. 504 (D.Conn.1988). Therefore, any injury he suffered as a result of the deprivation of his liberty interest without due process cannot be easily isolated from the damages claimed against the defendants who have settled.[2]

### B. *Controlling Law*

■ Relying principally on the authority of *Miller*, defendants argue that under 42 U.S.C. § 1988, federal law should control whether any damages eventually awarded to plaintiff are subject to a set-off by the amount he received in settlement. Plaintiff, relying principally on *Dobson v. Camden*, 705 F.2d 759 (5th Cir.1983), *rev'd on other grounds*, 725 F.2d 1003 (5th Cir. 1984), and *Johnson v. Rogers*, 621 F.2d 300 (8th Cir.1980), argue that federal law is deficient on this issue and state law controls. Neither party has cited nor has the court found any controlling pronouncement from the Second Circuit Court of Appeals.

"Whether a right of contribution [or set-off] exists on behalf of § 1983 defendants who are jointly and severally liable is a complex, open question." M. Schwartz & J. Kirklin, *Section 1983 Litigation: Claims, Defenses, and Fees*, § 14.14 at 314 (1986 & Supp.1987) ("*§ 1983 Litigation*"). The answer begins with 42 U.S.C. § 1988 which provides, in relevant part:

> The jurisdiction in civil ... matters conferred on the district courts by the provisions of this chapter ... for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all

cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies ... the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause.

"This statute recognizes that in certain areas 'federal law is unsuited or insufficient "to furnish suitable remedies;"'' federal law simply does not 'cover every issue that may arise in the context of a federal civil rights action.'" *Robertson v. Wegmann*, 436 U.S. 584, 588, 98 S.Ct. 1991, 1994, 56 L.Ed.2d 554 (1978), quoting *Moor v. County of Alameda*, 411 U.S. 693, 703, 702, 93 S.Ct. 1785, 1792, 36 L.Ed.2d 596 (1973), quoting 42 U.S.C. § 1988. When federal law is deficient, § 1983 "invites federal courts to adopt state rules to further, but not to frustrate, the purposes of the civil rights act." *Miller*, 646 F.2d at 106.

In *Miller*, the court distinguished the issue discussed in *Robertson*—the survivability of § 1983 causes of action—by noting (1) the rule of contribution or set-off was ultimately tied to the nature of a § 1983 right; (2) federal courts had fashioned common law contribution principles as a matter of federal law; and (3) that contribution rules were not solely a matter of legislative concern. The court thus held that federal law was not deficient insofar as the law of contribution and set-off was concerned and adopted a rule allowing set-off of a jury award by the amount paid in settlement by a joint contributor.

Subsequent to *Miller*, the Supreme Court held that there is no right of contribution in Title VII and Equal Pay Act actions. *Northwest Airlines*, 451 U.S. at 90–99, 101 S.Ct. at 1580–1584. "The Court reasoned that (1) in enacting Title VII and the Equal Pay Act, Congress had no intent to create a claim for relief for contribution, and (2) it

---

**2.** By contrast, in *Wren*, 798 F.2d at 1323, and *Dobson*, 725 F.2d at 1005–06, the courts found

that the injuries caused by the several defendants were divisible.

would not be appropriate to create such a claim for relief as a matter of federal common law." *§ 1983 Litigation,* § 14.14 at 314. Thus, *Northwest Airlines* undercut the result in *Miller. See, e.g., Northwest Airlines,* 451 U.S. at 96 & n. 37, 101 S.Ct. at 1583 & n. 37 (judicial recognition of right of contribution as a matter of federal law in admiralty actions does not imply that the principle has been embraced in its entirety). Indeed, based on the authority of *Northwest Airlines,* the Third Circuit Court of Appeals, on remand, vacated its previous decision upholding a right of contribution as a matter of federal law in Title VII suits—a case which provided the foundation upon which *Miller* was based. *See Glus v. G.C. Murphy Co.,* 629 F.2d 248 (3d Cir.1980), *vacated and remanded sub nom. Retail Wholesale & Dept. Store Union v. G.C. Murphy Co.,* 451 U.S. 935, 101 S.Ct. 2013, 68 L.Ed.2d 321 *rev'd on reh'g,* 654 F.2d 944 (3d Cir.1981).

Most courts which have confronted the issue of contribution among joint tortfeasors in the wake of *Northwest Airlines* have held that no such right exists under federal law. *TCI Cablevision v. City of Jefferson,* 604 F.Supp. 845, 847 (W.D.Mo. 1984) (no right of contribution under federal law or Missouri state law exists under § 1983); *Gray v. City of Kansas City,* 603 F.Supp. 872, 874–76 (D.Kan.1985) (same applying Kansas law); *Valdez v. City of Farmington,* 580 F.Supp. 19, 20–21 (D.N. M.1984) (no right of contribution under federal law under § 1983); *Melson v. Kroger Co.,* 578 F.Supp. 691, 696 n. 3 (S.D.Ohio 1983) (dicta same); *see also Anderson v. Local Union No. 3,* 582 F.Supp. 627, 631 (S.D.N.Y.), *aff'd,* 751 F.2d 546 (2d Cir.1984) (no right of contribution under federal law or New York state law exists under § 1981); *but see Fishman v. DeMeo,* 604 F.Supp. 873, 875–77 (E.D.Pa.1985) (right of

contribution exists under federal law under § 1983).

Several other courts have approached the problem with a somewhat different test. *See Dobson,* 705 F.2d at 761–71, *rev'd on other grounds,* 725 F.2d at 1003 (finding federal law deficient and Texas' one satisfaction rule inconsistent with § 1983, the court adopts as a matter of federal common law that "a settlement by one tortfeasor has no effect on the liability of a nonsettling tortfeasor"); [3] *Johnson,* 621 F.2d at 302–04 (absent jury's apportionment of liability between settling and nonsettling defendant no pro rata set-off can be made from jury award under Wisconsin law); *Gray,* 603 F.Supp. at 875 (no right of contribution under Kansas law).

As noted *supra,* the threshold inquiry under § 1988 is whether federal law addresses the issue of set-off in a § 1983 action. *Dobson,* 705 F.2d at 762. *Dobson* correctly held that federal law was deficient in this respect. The *Miller* court's analysis fails because it artificially satisfied the deficiency in § 1983 by creating a federal common law rule. In so doing, it circumvented the teachings of § 1983 which directs the courts to look to state law when a deficiency in federal law exists. *Id.* at 763. Similarly, the analysis in *TCI Cablevision, Gray, Valdez, Melson,* and *Anderson* are likewise flawed because those courts filled the gap in § 1983 by looking first to the federal law the court had created in Title VII and the Equal Pay Act, rather than to the applicable state law as § 1988 directs.[4] *See § 1983 Litigation,* § 14.14 at 314 ("There is, however, one potentially significant distinction between a Title VII or Equal Pay Act claim and a § 1983 claim insofar as contribution is concerned. In § 1983 actions, 42 U.S.C. § 1988 directs the courts to rely on state law when there are deficiencies in federal law.").

---

3. "The precedential value of *Dobson* is greatly diminished, if not obliterated, by the fact that after the case was heard by the court en banc, it determined that, since the settling and nonsettling defendants were charged with separate wrongs for which each was subject to his own liability, the issue decided by the panel opinion was not actually before the court." *§ 1983 Litigation,* § 14.14 at 315.

4. Perhaps recognition of this fact explains why *TCI Cablevision, Gray,* and *Anderson* also studied the problem under the respective state law that would otherwise apply in each case.

Connecticut is one of the few states which has retained the common law rule of denying contribution among joint tortfeasors. *Gomeau v. Forrest*, 176 Conn. 523, 524, 409 A.2d 1006 (1979). It has done so based on a policy choice of allowing plaintiffs to receive full satisfaction of their damages from either one defendant or all defendants. *Rose v. Heisler*, 118 Conn. 632, 633–34, 174 A. 66 (1934). Connecticut has not, however, endorsed the concept that a plaintiff is entitled to more than one satisfaction of his damages.[5] *Ames v. Sears, Roebuck & Co.*, 206 Conn. 16, 20, 536 A.2d 563 (1988), citing *Dwy v. Connecticut Co.*, 89 Conn. 74, 95, 92 A. 883 (1915); *Alfano v. Insurance Center of Torrington*, 203 Conn. 607, 610–11, 525 A.2d 1338 (1987). In fact, Conn.Gen.Stat. § 52–216a requires that: "[i]n making its post verdict determination on the issue of any claimed excessiveness or inadequacy, the trial court [is] directed to consider the amount of money paid to a plaintiff as the result of either '[any] agreement with any tortfeasor not to bring legal action or a release of a tortfeasor in any cause of action.'" *Peck v. Jacquemin*, 196 Conn. 53, 71, 491 A.2d 1043 (1985), quoting § 52–216a. If the court determines the jury's verdict to be excessive or inadequate as a matter of law, § 52–216a requires it to order either a remittitur or additur. If the party does not comply with the remittitur or additur "the statute further directs that the court 'shall set aside the verdict' and order a new trial." *Id.* at 70, 491 A.2d 1043, quoting § 52–216a.

Connecticut would thus require a set-off in this case to the extent plaintiff fails to prove the divisibility of his damages among the several defendants and to the extent the court determines as a matter of law that the jury's verdict is excessive to the extent damages are awarded in light of the settlement proceeds previously paid to plaintiff.

Section 1988 requires a final determination as to whether such a scenario would comport with § 1983. "The policies underlying § 1983 include compensation of persons injured by the deprivation of federal rights and prevention of abuses of power by those acting under color of state law." *Robertson*, 436 U.S. at 590–91, 98 S.Ct. at 1995. *Dobson*, 705 F.2d at 766. "[W]hen § 1983 plaintiffs seek damages for violation of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts." *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 306, 106 S.Ct. 2537, 2542, 91 L.Ed.2d 249 (1986). The primary goal of § 1983 damages is "to compensate persons for injuries that are caused by the deprivation of constitutional rights." *Carey v. Piphus*, 435 U.S. 247, 254, 98 S.Ct. 1042, 1047, 55 L.Ed.2d 252 (1978). "Deterrence is also an important purpose of [§ 1983], but it operates through the mechanism of damages that are compensatory—damages grounded in determinations of plaintiff's actual losses." *Memphis Community School Dist.*, 477 U.S. at 307, 106 S.Ct. at 2543.

While *Dobson's* conclusion that a rule of set-off is consistent with the deterrence rationale of § 1983 is compelling, it also, in some senses, myopic in scope. Deterrence is achieved as to the party who settled and also as to a party against whom a verdict is returned. Allowing double recovery would conflict with § 1983's basic purpose—to provide compensation, not a windfall. Thus allowing a set-off here is consistent with both purposes of § 1983. A set-off will, therefore, be allowed in this case consistent with Connecticut law.

Accordingly, defendants' motion is granted.[6]

SO ORDERED.

---

5. In this respect, many of the cases cited in the text *supra* are distinguishable as they deal solely

with the concept of contribution among joint tortfeasors and not set-off.

6. Consistent with Conn.Gen.Stat. § 52–516a, the

proper way to make a claim of set-off is to assert it as an affirmative defense. *Bakula v. Bell Helmets, Inc.*, 14 Conn.L.Trib. No. 5, at 25 (Super.Ct.1987); *Sheppa v. Adams*, 40 Conn. Sup. 263, 264, 491 A.2d 437 (1985).