ROBERT PITMAN, UNITED STATES DISTRICT JUDGE
A jury found that three prison guards used excessive force against Plaintiff Daniel Ostrander while he was incarcerated in a Texas state prison, and that five guards retaliated against him for reporting mistreatment. Those defendants now submit a settlement agreement and ask the Court to withdraw the Final Judgment recognizing that jury verdict. For the reasons given herein, the Court declines to do so.
I. BACKGROUND
Plaintiff Daniel Ostrander ("Ostrander") filed this action pursuant to 42 U.S.C. § 1983. (See Compl., Dkt. 1). A jury found largely in his favor on June 22, 2017, and awarded him compensatory *595 and punitive damages. (Jury Verdict, Dkt. 184). First, the jury found that Defendant Michael Yarbough, a prison guard, used excessive force against Ostrander while he was incarcerated in a Texas state prison. (Jury Verdict, Dkt. 184, at 1). Next, the jury found that when Ostrander reported the incident, Defendants Harold Kosteck and John Kelly used excessive force against him in retaliation for exercising his First Amendment right to complain to prison officials. (Id. at 5-6). The jury further found that Defendants Kenneth Taylor, Robert Preston, and Michael Kluck filed false disciplinary charges against Ostrander in retaliation for reporting his mistreatment. (Id. at 7). To compensate Ostrander for these violations of his constitutional rights, the jury awarded compensatory and punitive damages totaling $10,000.00. (Id. at 10, 12).
Pursuant to the jury verdict, this Court entered Final Judgment on March 5, 2018. (Final J., Dkt. 213). The Final Judgment ordered that Ostrander is entitled to recover $5,000.00 in compensatory damages, $5,000.00 in punitive damages, $1050.00 in total costs pursuant to 28 U.S.C. § 1920, and pre- and post-judgment interest. (Id. at 3-4). Under the Final Judgment, Ostrander is entitled to recover a total amount of $11,050.00. (See id. ).
On June 1, 2018, Defendants signed a settlement agreement with Ostrander ("the Settlement Agreement"). (Dkt. 237-1). The Settlement Agreement is signed by Ostrander and counsel for the Defendants, and witnessed by a district court clerk. (Id. at 7). It provides, in relevant part:
Ostrander agrees to settle all claims against Defendants ... arising from this Lawsuit[1] and further agrees to the withdrawal of the Final Judgment entered in this case on March 5, 2018 (Dkt. No. 213) in exchange for consideration in the total amount of $11,100.00.[2]
...
Upon delivery of the settlement amount, the Defendants shall be entitled to file an agreed motion to withdraw the Final Judgment and a stipulation of dismissal of the lawsuit with prejudice pursuant to Fed. R. Civ. P. 41(a). Ostrander agrees to completely release and forever discharge the Defendants and the State of Texas from any and all claims ... in connection with ... the Lawsuit.
...
Ostrander expressly agrees that upon delivery of a Texas State Warrant in the total amount of $11,100.00 ... an unopposed motion to withdraw the final judgment and a stipulation of dismissal of the lawsuit shall be filed pursuant to Fed. R. Civ. P. 41(a). Ostrander further agrees that such dismissal shall be with prejudice.
(Settlement Agreement, Dkt. 237-1, at 4-6) (emphasis added).
On July 31, 2018, Defendants filed a Motion to Withdraw Final Judgment, (Dkt. 237), and Motion to Dismiss, (Dkt. 238). Aside from the titles and specific request for relief, the two motions are identical in substance. Both submit: "Given that the terms of the settlement agreement have been performed, Defendants respectfully request that the Court withdraw the final *596 judgment entered on March 5, 2018 (Dkt. No. 213) and dismiss this case with prejudice pursuant to the terms of the valid and enforceable settlement agreement." (Mot. Withdraw Final J., Dkt. 237, at 2; Mot. Dismiss Dkt. 238, at 2). Both attach the Settlement Agreement.
Ostrander then filed a Motion to Appoint Counsel and for a Hearing, (Dkt. 240), a Motion for Order to Show Cause,[3] (Dkt. 241), and accompanying Brief, (Dkt. 242), a Motion for Relief from Order,[4] (Dkt. 244), an Advisory to the Court, (Dkt. 245), and a Motion for Referral for ADR/Mediation, (Dkt. 246). Ostrander also filed a motion requesting a telephone call with counsel for Defendants regarding the settlement, stating that he fears for his life and safety in prison if he accepts the settlement check. (Dkt. 249). He alleged that counsel for Defendants refused to arrange for the settlement. (Id. at 2).
The Court issued an order authorizing the Office of the Attorney General to deliver the settlement check to Ostrander by Certified Mail and that such delivery will be deemed sufficient for all purposes in this matter. (Order, Dkt. 250). Ostrander then filed a motion for a status hearing, alleging that counsel for Defendants had issued the settlement check to a "corrupt" prison guard; that multiple prison gangs believed his receipt of the check would demonstrate that he is a "snitch"; that a prison guard had sworn to beat Ostrander to death if he accepted the settlement check; and that his life is now in danger. (Dkt. 251).
Defendants then filed a Notice of Compliance with Court Order and Motion to Dismiss. (Dkt. 252). They advised the Court that the check had been sent by Certified Mail as directed, and re-urged their pending Motion to Withdraw Final Judgment, (Dkt. 237). (Id. ). Ostrander filed a response, alleging that counsel for Defendants had instructed prison staff to intercept the settlement check and then document a staged delivery. (Dkt. 254). Finally, Ostrander filed a letter advising the Court that he had written to counsel for Defendants to discuss settling the case. (Dkt. 255).
Now before the Court are Defendants' Motion to Withdraw Final Judgment, (Dkt. 237), Motion to Dismiss, (Dkt. 238), and Notice of Compliance with Court Order and Motion to Dismiss, (Dkt. 252). The Court will first address the motion to dismiss, and then the motion to withdraw the Final Judgment.
II. THE MOTION TO DISMISS
Defendants' Motion to Dismiss states: "Given that the terms of the settlement agreement have been performed, Defendants respectfully request that the Court ... dismiss this case with prejudice pursuant to the terms of the valid and enforceable settlement agreement." (Mot. Dismiss Dkt. 238, at 2). The Settlement Agreement provides that upon payment of the agreed settlement amount, "an unopposed motion to withdraw the final judgment and a stipulation of dismissal of the lawsuit shall be filed pursuant to Fed. R. Civ. P. 41(a). Ostrander further agrees that such dismissal shall be with prejudice."
*597 (Settlement Agreement, Dkt. 237-1, at 6)
However, none of the motions before the Court can be construed as a motion for dismissal under Rule 41. Defendants' motions are neither a motion to dismiss filed by a plaintiff before the opposing party answers or files a motion for summary judgment ( Rule 41(a)(1)(A)(i) ); nor a stipulation of dismissal signed by all parties ( Rule 41(a)(1)(A)(ii) ); nor a motion to dismiss by a defendant where a plaintiff fails to prosecute or comply with court rules or a court order ( Rule 41(b) ). See Fed. R. Civ. P. 41.
Defendants submit no other legal authority for dismissal of the action. Moreover, the action is already closed. (Final Judgment, Dkt. 213). Accordingly, the Court will deny Defendants' Motion to Dismiss.
III. THE MOTION TO WITHDRAW FINAL JUDGMENT
Defendants also filed a Motion to Withdraw Final Judgment, (Dkt. 237), and Notice of Compliance with Court Order and Motion to Dismiss, (Dkt. 252) (together, "the Motion to Withdraw Final Judgment" or "the Motion").[5]
The Court construes these as a motion for relief from a final judgment under Rule 60(b). "On motion and just terms, the court may relieve a party ... from a final judgment" if "the judgment has been satisfied, released, or discharged," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5), (6). "Defendants must bear the burden of showing that Rule 60(b)(5) applies." Frew v. Janek , 780 F.3d 320, 327 (5th Cir. 2015) (citation omitted).
Other than attaching the Settlement Agreement, Defendants articulate no reasons why they are entitled to relief from the Final Judgment. The Motion to Withdraw the Final Judgment again cites no legal authority other than the reference to Rule 41(a) in the Settlement Agreement. (See Mot. Withdraw Final J., Dkt. 237, at 2; see also Notice, Dkt. 252, at 2-3; Settlement Agreement, Dkt. 237-1, at 6). The Motion for Withdraw the Final Judgment is largely identical to the Motion to Dismiss: "Given that the terms of the settlement agreement have been performed, Defendants respectfully request that the Court withdraw the final judgment entered on March 5, 2018 (Dkt. No. 213) and dismiss this case with prejudice pursuant to the terms of the valid and enforceable settlement agreement." (See ids="4073891" index="4" url="https://cite.case.law/f3d/780/320/#p327">id. ). As with the Motion to Dismiss above, the filing does not meet any of the provisions for relief under Rule 41. See Fed. R. Civ. P. 41. Defendants offer no other grounds for the relief they request.
The Court concludes that Defendants have not met their burden for withdrawal of the Final Judgment. Even construing the Motion in the most generous possible terms, the Court has serious doubts that a settlement agreement to withdraw a final judgment pursuant to a jury verdict in a Section 1983 case can satisfy Rule 60(b)'s requirement that relief from a final judgment is sought "on just terms." See Fed. R. Civ. P. 60(b).
As a general principle, in Section 1983 actions, a settlement to dismiss remaining civil rights claims in exchange for monetary compensation is enforceable. See, e.g., Enriquez v. Estelle , 427 F. App'x 305 (5th Cir. 2011) (per curiam) (affirming district court's enforcement of settlement by which prisoner agreed to dismiss his remaining civil rights claims in exchange for $7,500). "Due to the strong public policy *598 encouraging the settlement of cases, courts prefer upholding settlements rather than overturning them." Id. (citing Ho v. Martin Marietta Corp. , 845 F.2d 545, 547 n.2 (5th Cir. 1988) (cleaned up).
However, not all settlement agreements are enforceable. It is a "well-established principle that an agreement which is contrary to public policy is void and unenforceable." Evans v. Jeff D. , 475 U.S. 717, 759, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986). For example, "a statutory right conferred on a private party, but affecting the public interest, may not be waived or released if such waiver or release contravenes the statutory policy." Id. (collecting cases). As the Fifth Circuit has explained, "[a] promise or other term of an agreement is unenforceable on grounds of public policy if ... the interest in its enforcement is clearly outweighed in the circumstances by a public policy against the enforcement of such terms." Anderson v. Valdez , 845 F.3d 580, 598 n.80 (5th Cir. 2016) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 178(a) (1981) ). "A public policy against the enforcement of promises or other terms may be derived by the court from (a) legislation relevant to such a policy, or (b) the need to protect some aspect of the public welfare." Id. (quoting § 179(a) ).
Ostrander filed this action pursuant to 42 U.S.C. § 1983. (See Compl., Dkt. 1). A jury found largely in his favor and awarded him compensatory and punitive damages based on the claims he asserted under that statute. (Jury Verdict, Dkt. 184). The Supreme Court has explained that in enacting 42 U.S.C. § 1983, "[t]he central aim of the Civil Rights Act was to provide protection to those persons wronged by the misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Owen v. City of Indep., Mo. , 445 U.S. 622, 650, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980) (internal quotation marks omitted) (citing Robertson v. Wegmann , 436 U.S. 584, 590-591, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978) ; Carey v. Piphus , 435 U.S. 247, 256-257, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978) ).
Section 1983"was intended not only to provide compensation to the victims of past abuses, but to serve as a deterrent against future constitutional deprivations, as well." Id. Put simply, " section 1983 embodies two policies: compensation and deterrence." Dobson v. Camden , 705 F.2d 759, 764 (5th Cir. 1983), on reh'g , 725 F.2d 1003 (5th Cir. 1984). When a plaintiff has receives the dollar amount that "makes him whole ... the goal of compensation has been satisfied," while "the deterrence goal of section 1983... seeks to govern future activity." Id.
A jury found that six prison guards violated Ostrander's constitutional rights-three of them by use of excessive force. Even if the Settlement Agreement provides compensation to Ostrander, it would directly undermine the deterrence goals of Section 1983 to withdraw a final judgment pursuant to that jury verdict merely because the parties have settled their dispute. As a general rule, "mootness by reason of settlement does not justify vacatur of a judgment under review." U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership , 513 U.S. 18, 29, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994). As the Supreme Court has explained, "exceptional circumstances may conceivably counsel in favor of [vacatur] ... those exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur." Id. There are no special circumstances here. Instead, there is a statutory public policy interest in deterrence against future constitutional deprivations, see Owen , 445 U.S. at 650, 100 S.Ct. 1398, which weighs heavily against *599 any withdrawal of a Final Judgment pursuant to a jury's verdict. As the Supreme Court has observed: "How uniquely amiss it would be ... if the government itself ... were permitted to disavow liability for the injury it has begotten." See ids="1777480" index="35" url="https://cite.case.law/us/445/622/#p650">id. at 651, 100 S.Ct. 1398. Defendants have provided no reason that justifies the relief they seek. Accordingly, the Court will deny Defendants' Motion to Withdraw the Final Judgment.
The Court expresses no view on the remaining provisions of the Settlement Agreement. See Nichols v. Anderson , 837 F.2d 1372, 1375 (5th Cir. 1988) (citation omitted) ("[I]f less than all of a contract violates public policy, the rest of the contract may be enforced unless the unenforceable term is an essential part of the contract.").
IV. EXTENSION OF TIME TO FILE NOTICE OF APPEAL
Also before the Court is Defendants' Motion for Extension of Time to File Notice of Appeal. (Dkt. 214). A district court may extend the time to file a notice of appeal if (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a), and (ii) that party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A).
Defendants timely filed their motion on April 4, 2018, thirty days after entry of the Final Judgment. Fed. R. App. P. 4(a)(5)(A)(i). Defendants requested an extension in order to preserve their right to appeal during the pendency of settlement. Ten months have now passed, during which time the parties have negotiated and signed a Settlement Agreement, and the parties have engaged in extensive motions practice regarding the terms and enforcement of the settlement. The Court finds that Defendants have shown good cause to extend the time to file a notice of appeal in order to accommodate those proceedings, which have now concluded. The Court therefore grants the motion for an extension, which will now expire fourteen days after the date when this order is entered. Fed. R. App. P. 4(a)(5)(C).
V. CONCLUSION
Accordingly, IT IS ORDERED that Defendants' Motion to Withdraw Final Judgment, (Dkt. 237), Motion to Dismiss, (Dkt. 238), and Notice of Compliance with Court Order and Motion to Dismiss, (Dkt. 252), are DENIED .
IT IS FURTHER ORDERED that Defendants' Motion for Extension of Time to File Notice of Appeal, (Dkt. 214), is GRANTED . Defendants may file a notice of appeal no later than fourteen (14) days after entry of this order. Fed. R. App. P. 4(a)(5)(C).
IT IS FURTHER ORDERED all remaining pending motions are DISMISSED AS MOOT in light of this Order and the Court's prior Orders regarding delivery of the settlement check, (Dkt. 250), and advising that Ostrander must file a new action if he seeks relief for events that have arisen since the conclusion of this case, (Dkt. 235).
This case has been closed since the entry of Final Judgment on March 5, 2018. (Dkt. 213). The Court will not consider any further submissions from the parties other than a Notice of Appeal.

Ostrander is plaintiff in a separate suit, Ostrander v. Lindsey et al. (No. 6:17-cv-258-RP). The Settlement Agreement "only applies to the claims stated in the above-entitled case," which is Ostrander v. Kosteck et al. (No. 6:13-cv-360-RP). (Settlement Agreement, Dkt. 237-1, at 3).

The Final Judgment awarded a total of $11,050.00 to Ostrander. (Final J., Dkt. 213, at 3-4). The Settlement Agreement promises $11,100.00, fifty dollars more. (Settlement Agreement, Dkt. 237-1, at 3).

Ostrander alleged that he has been subject to ongoing harassment and threats in his prison unit. (Dkt. 241). The Court has previously advised Ostrander that this case is closed and that he must filed a new action if he seeks relief for any new claims that have arisen since the conclusion of this case. (See Order, Dkt. 235).

Ostrander requested relief from the Court's order that he must file a new action for any new claims of harassment or mistreatment. (See Order, Dkt. 235; Mot., Dkt. 244).

The Notice reincorporates Defendants' original motion. (See Notice, Dkt. 252, at 1).